The judgment appealed from is therefore affirmed.

**(116 So. 890)**

**No. 28900.**

## LUKIANOFF v. LUKIANOFF.

April 9, 1928.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

A. A. Le Rosen, of Shreveport, for curator ad hoc.

LAND, J. This is a suit for absolute divorce, based upon a judgment of separation from bed and board obtained by plaintiff in the district court of Caddo parish December 15, 1925, after personal service of citation upon defendant, and after answer filed by him.

Plaintiff alleges that more than one year has elapsed since the date of the judgment of separation rendered in her favor, and that no reconciliation has been effected between the parties.

The petition for absolute divorce was filed on May 17, 1927, in the separation proceeding or suit in the district court of Caddo parish, and shows upon its face that at that date both plaintiff and defendant were residents of the state of New York. A curator ad hoc was appointed to represent the absent defendant, and service of the petition and citation was duly made upon the curator.

The trial judge rejected plaintiff's demands, as he was of the opinion that the jurisdiction acquired by the district court of Caddo parish of the suit for separation from bed and board had been lost by the removal of the parties from the state, prior to the institution of the present suit for absolute divorce.

Plaintiff has appealed. The evidence in the case entitles plaintiff to an absolute divorce, if the lower court was vested with jurisdiction ratione materiæ—the only issue presented to us for decision.

██ Plaintiff contends that the trial court was clothed with jurisdiction for the following reasons:

(1) Because the present suit is not a new cause of action, but a continuation of the original suit for separation from bed and board.

(2) Because the lower court retained the jurisdiction acquired by it in the suit for separation from bed and board for the purpose of granting a final divorce when the parties became entitled to same.

As plaintiff and defendant were domiciled in Caddo parish, within the state, at the date of the institution of the suit for separation from bed and board, and as defendant was personally served and answered the suit, there can be no serious question raised as to the jurisdiction of the district court of that parish to enter a decree of separation a mensa et thoro in the proceeding then before it.

The right of the plaintiff to continue her suit for absolute divorce in the separation proceeding, by the appointment of a curator ad hoc to represent the absent defendant, is expressly recognized and conferred upon her by Act 296 of 1910. It is provided in this act:

"That in any action for separation from bed and board or divorce, where the defendant is absent from the state, or in case of reconvention, when the plaintiff is absent from the state; *and in actions for divorce based on a judgment of separation from bed and board, when the adverse party is absent from the state, the court having jurisdiction over the cause shall, upon application by any party in interest, appoint a curator ad hoc to represent such absent party,* and all proceedings shall be had contradictorily with said curator ad hoc, and any judgment or divorce may be rendered against same curator ad hoc as might be rendered against his principal as if he were present in person in open court."

Act 25 of 1898 also confers upon plaintiff the right to obtain a judgment of absolute divorce in the separation proceeding institut-

ed by her in the district court of Caddo parish. Act 25 of 1898 declares (quoting in part):

"That whenever a judgment of separation from bed and board shall have been rendered, and no reconciliation between the spouses shall have taken place *the married person in whose favor the judgment * * * shall have been rendered, may, at the expiration of one year from the date that the said judgment shall have become final, apply to and obtain from the court that rendered the judgment of separation from bed and board, a judgment of final divorce from the other spouse;* and the married person against whom the judgment of separation from bed and board shall have been rendered may, at the expiration of two years from the date that the said judgment shall have become final, apply to and obtain from the court that rendered the judgment of separation from bed and board a judgment of final divorce from the spouse."

In construing this act in Zavaglia v. Notarbartolo, 137 La. 737, 69 So. 157, Ann. Cas. 1916B, 924, it was held that judgments of final divorce, based upon judgments of separation from bed and board, "can be obtained only from the courts by which the judgments of separation from bed and board were rendered, and hence that no court of this state is vested with jurisdiction of a suit, the declared purpose (proximate or ultimate) of which is to obtain a judgment of final divorce, predicated on a judgment of separation from bed and board rendered by a court of another jurisdiction."

Even before the passage of Act 25 of 1898, it was held by this court in the year 1893 in Butler v. Washington, 45 La. Ann. 279, 12 So. 356, 19 L. R. A. 814, that a suit for an absolute divorce, based upon a judgment of separation from bed and board, was part and parcel of the same proceeding, and that, if the defendant was an absentee, substituted service might be invoked.

At page 282 of the opinion in that case (12 So. 357) it is said:

"In our code *separation from bed and board and divorce* are treated of under one and the same title (R. C. C. 138, et seq.), and article one;

thirty-nine (139) declares that 'married persons may claim reciprocally *a divorce for the several causes enumerated in article 138,* but, except in the cases where the husband or wife may have been sentenced to an infamous punishment, or convicted of adultery, *no divorce shall be granted unless judgment of separation from bed and board shall have been rendered between the parties, and one year shall have expired,*' etc. (italics ours), thus clearly evidencing the fact that such judgment of separation is merely a preparatory step to procuring a final divorce, a vinculo matrimonii for any other causes than those enumerated in the exception just quoted.

"The two [form] parts and parcels of the same proceeding and suit, and the defendant husband being a necessary party to the second or supplementary proceeding for divorce, it would seem illogical as well as inequitable to hold that substituted service is inefficacious to bring him into court, though an absentee, in the furtherance of justice and the acquired jurisdiction of the court over the defendant personally, quoad the original suit—the object aimed at being defeated if he could not be thus held amenable to the law of the state in which the contract of marriage was celebrated."

The later acts, Act 25 of 1898 and Act 296 of 1910, eliminate any discussion or doubt as to the question of the jurisdiction of the court, rendering the decree of separation, to grant a judgment of absolute divorce based upon such decree, and as to the right of a plaintiff to resort to constructive service where the defendant is an absentee.

It is well established as a general rule that, where the jurisdiction of the person or of the res has once attached, it is not defeated by a removal of the person or the res beyond the jurisdiction of the court. 15 C. J. 824; 7 R. C. L. 1045; U. S. v. Dawson, 15 How. 467, 14 L. Ed. 775; Lofton v. Collins, 117 Ga. 434, 43 S. E. 708, 61 L. R. A. 150; McSherry v. McSherry, 113 Md. 395, 77 A. 653, 140 Am. St. Rep. 426.

We are of the opinion that the district court of Caddo parish was vested with jurisdiction to grant plaintiff a divorce a vinculo matrimonii.

It is ordered, therefore, that the judgment appealed from be annulled and reversed.

It is now ordered that this case be remanded for further proceedings consistent with the foregoing opinion, and that defendant pay costs of appeal.