197 So.2d 81

**Richard L. LUCAS**

**v,**

**Maria Medina LUCAS.**

**No. 48644.**

**April 14, 1967.**

In re: Maria Medina Lucas applying for certiorari, or writ of review, to the Court of Appeal, Third Circuit, Parish of Rapides. 195 So.2d 771.

Writ refused.

Since Mrs. Lucas made a general appearance when she filed a peremption ex-

ception of res judicata at the same time she filed the declinatory exception to the jurisdiction of the Court, the result reached by the Court of Appeal is correct.

SANDERS, J., is of the opinion a writ should be granted. The First Judicial District Court of Caddo Parish never lost jurisdiction to modify its own custody decree, despite the removal of the children from the state. Once the court's jurisdiction has attached, it continues for purposes of modifying a custody judgment, which is always subject to change. See Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321; Wheeler v. Wheeler, 184 La. 689, 167 So. 191; Lukianoff v. Lukianoff, 166 La. 219, 116 So. 890; Pullen v. Pullen, 161 La. 721, 109 So. 400; Bohn v. Rhoades, Fla., 121 So.2d 777; and 27B C.J.S. Divorce § 317(1) C, pp. 533-534. This rule is not only a sound one but represents the great weight of authority in this country. Kern v. Lindsey, 182 Va. 775, 30 S.E.2d 707.

This Court's failure to grant a writ in Nowlin v. McGee, La.App., 180 So.2d 72, cert. denied 248 La. 527, 180 So.2d 541, should not be construed as a repudiation of the prior Louisiana jurisprudence, which conforms to the general rule.

Assuming, however, that the removal of the children from the state rendered the continuing jurisdiction of the Caddo Parish Court ineffectual, that jurisdiction became effective immediately upon the return of

the children to the state. Goade v. Goade, 20 Wash.2d 19, 145 P.2d 886. See, generally, 12 Loyola L.R. 147–151. Having been the first Louisiana court to be seized of jurisdiction, the Caddo Parish Court remained the proper court to resolve the custody dispute. State ex rel. Marston v. Marston, 223 La. 1046, 67 So.2d 587, and the authorities therein cited.

SUMMERS, J., is of the opinion that the basis for denial of this writ has no reference to the opinion of the Court of Appeal. The question involved in the opinion of the Court of Appeal, moreover, should be reviewed by this Court.