AYRES, Judge.
Only involved on this appeal is the custody of Gerald Richard Dean, Jr., aged 31/2 years, issue of the marriage of plaintiff and defendant.
Plaintiff sought a separation “a mensa et thoro” from the defendant on the ground of cruel treatment. She also sought custody of the child. The husband denied the salient allegations of the petition and, by reconventional demand, sought a divorce “a vinculo matrimonii” on the ground of adultery. He, also, sought custody of the child.
There was judgment in favor of the husband granting a divorce and awarding him custody of the child. Plaintiff has appealed.
In brief appellant relies upon the general rule, well established in the jurisprudence of this State, that a mother’s right to custody, especially of a child of tender years, is preferred to that of the father, except under the most exceptional circumstances, and that a solitary act of adultery does not necessarily render a mother morally unfit nor justify the court in depriving her of its custody.
The record, in our opinion, supports the findings of the trial judge. A number of instances of adultery were not only proved to have been committed by Mrs. Dean but those acts were readily admitted by her. This misconduct was committed in plaintiff’s and defendant’s home as well as in the home of a friend of hers. A recital of Mrs. Dean’s misconduct in more detail is deemed unnecessary in view of her admissions. This misconduct, in our opinion, extends far beyond the application of the cases cited in which mothers were awarded custody of minor children in cases where adultery was established on their part. The welfare, happiness, and best interests of a child are the paramount considerations in determining with whom it should be placed. Accordingly, a mother is consistently awarded the custody of minor children unless she has been found morally or otherwise unfit or unless she is incapable of giving them proper care and guidance.
We are in accord with the obvious conclusion of the trial court that the mother in this case is not only unfit morally to have the custody of the child but is otherwise unfit to give it proper care and guidance. The charges of adultery established to have been committed by her are not *383 solitary instances of misconduct but were ■ carried on over a period of time and, as stated, not only in her own home but in that of a friend and neighbor to whom and with others she admitted and discussed her misconduct.
With respect to the mother’s lack of attention to and care of the child, the testimony leaves no room for doubt of her failure in that respect. The child was permitted to roam the neighborhood and on many occasions in cold weather while only partially clad. The mother also neglected to prepare necessary food for the child— on occasions, none at all.
The father had custody of the child at the time of trial. He provided it with a home, ample care and attention.
From our painstaking review of the more than 300 pages of testimony contained in this record, we not only fail to find any manifest error in the judgment appealed but are of the opinion its correctness is amply established by the record.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.