208 So.2d 395 (1968)
Alfred T. PATTISON, II
v.
Mrs. Alfred T. PATTISON, II (nee Gretchen Rau).
No. 2861.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1968.
Rehearing Denied April 8, 1968.
Writ Refused May 17, 1968.
Wilkinson & Wilkinson, John B. Wilkinson, New Orleans, for plaintiff-appellee.
Herbert J. Garon and Milton E. Brener, New Orleans, for defendant-appellant.
Before BARNETTE, JOHNSON and TUCKER, JJ.
TUCKER, Judge.
On January 25, 1966 the Civil District Court for the Parish of Orleans awarded defendant-appellant (wife) a final divorce from plaintiff-appellee and custody of their four minor children, subject to reasonable visitation rights in favor of plaintiff. On March 11, 1966 the same court ordered plaintiff to pay $575.00 a month child support. On October 11, 1966, in the same court, plaintiff filed a rule to show cause why defendant, who had moved to Long Island, New York, with her children, should not return them to the jurisdiction of the court; why the $575.00 per month *396 child support should not be suspended until the children's return; and why defendant should not be held in contempt of court.
On October 28, 1966 after a hearing on the matter, the rule was made absolute and it was ordered that defendant return the children to the jurisdiction of the court by December 2, 1966 under penalty of contempt and that child support be suspended until she returned the children.
From this judgment defendant has taken a suspensive appeal. It was agreed by both counsel in this court that the defendant has remarried and is living with her husband and her four children in Long Island, New York.
Plaintiff contends that the District Court in which the separation or divorce is acquired continues to have jurisdiction over all matters incidental thereto including child support and custody even though the party having custody has removed the children from the jurisdiction of the court. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321; Pullen v. Pullen, 161 La. 721, 109 So. 400. See also Wheeler v. Wheeler, 184 La. 689, 167 So. 191; Lukianoff v. Lukianoff, 166 La. 219, 116 So. 890.
However, in the recent case of Nowlin v. McGee, La.App., 180 So.2d 72, writs refused 248 La. 527, 180 So.2d 541, it was held that a Louisiana court did not have jurisdiction to modify its previous custody judgment where the parent having legal custody of the minor children had removed them from this state. However, we conclude the Supreme Court decisions, cited above, are controlling in this matter. Even assuming arguendo that there is a question of jurisdiction, defendant, by her general appearance, submitted herself to the jurisdiction of the lower court. See LSA-C.C.P. art. 7 and Lucas v. Lucas, 250 La. 539, 197 So.2d 81.
Therefore the only question we must decide is whether the trial court abused its discretion in ordering defendant to return her children to the jurisdiction of the court, subjecting her to contempt charges for her failure to do so and suspending the children's support payments until their return.
It is well settled that the court in its discretion may permit the party having custody to remove the children from the jurisdiction of the court. Wilmot v. Wilmot, supra; Wheeler v. Wheeler, supra; Carlson v. Carlson, La.App., 140 So.2d 801; Fayard v. Fayard, La.App., 181 So. 2d 304. We have found only one case in our jurisprudence which forbade the party having custody from removing a child from the jurisdiction of the court: Sachse v. Sachse, La.App., 150 So.2d 772 (1st Cir., writs not applied for). In the Sachse case there was apparently no showing by the mother of any reason why she wished to remove her children from the jurisdiction of the court, while in the instant case, defendant has remarried and her husband is making a home for her in New York. Under the facts presented, we do not think the Sachse case can control our decision in this case.
In our highly mobile society, it is usually unrealistic to demand that a parent granted custody of the children be confined in a certain geographical area during their minority. We take judicial cognizance of the fact that men and women are readily subject to job transfer in our society and equity demands that they should be free to go where their best opportunities lie and pertinent to this case, that a woman who remarries should be free to go to the home which her new husband provides for her.
We recognize that some circumstances might demand that alimony or child support payments be suspended as a means of compelling the wife to return the children to the court's jurisdiction or to obey any other order of the court. For example, if the husband were denied visitation rights, the court of original jurisdiction would have no other means to force obedience to its order than the suspension of alimony or *397 child support. See Fayard v. Fayard, supra. However, in the instant case the plaintiff admits that he has not been denied visitation rights although their exercise has become more onerous. The trial court will continue to have jurisdiction for the enforcement of its order for child support and can modify its order from time to time as conditions may warrant in a proper proceeding.
Under all the circumstances as reflected by the record before us, we hold the wife should not be ordered to return the children to the jurisdiction of the court and that the husband must continue to pay child support as originally ordered until such time as the same may be modified within the Court's discretion in a proper proceeding. Therefore the rule is dismissed; plaintiff to pay all costs in both courts.
Judgment reversed.