CULPEPPER, Judge.
The plaintiff, a resident of Louisiana, filed this summary proceeding to have the amount of past due alimony under a Louisiana judgment determined and made execu-tory. The defendant, now domiciled in Texas, excepted to the court’s jurisdiction over the person. The district court sustained the exception and dismissed plaintiff’s suit. Plaintiff appealed.
The plaintiff, Mrs. Shirley Slack Martin, attached to her petition a certified copy of a judgment of final divorce rendered by the 29th Judicial District Court for the Parish of St. Charles on February 8, 1960. That judgment orders defendant, William F. Martin, to pay to plaintiff the sum of $225 per month alimony for the support of plaintiff and her minor children. Plaintiff alleges that $6,885 is past due and owing under said judgment. She prays for judgment for that amount and for a writ of fieri facias to enforce it.
Plaintiff’s petition alleges that the defendant, William F. Martin, is now domiciled in the State of Texas, but that he is subject to the jurisdiction of the 14th Judicial District Court for the Parish of Cal-casieu, State of Louisiana, in which these proceedings were filed, under the provisions of the Personal Jurisdiction over Nonresidents Act, LSA-R.S. 13:3201-3207, commonly called the “long-arm statute.”
At the trial of the exception, the only witness who testified was the plaintiff, Mrs. Martin. She stated that she was married to the defendant for about 15 years and was divorced from him by the judgment rendered in St. Charles Parish, Louisiana in 1960, described above. She testified further that for the last “few weeks” defendant had been employed by Brown Root Tool Company in Houston, Texas, and that he worked in Texas. But she says that prior to his present job he was employed by Shell Oil Company in Texas and worked a substantial part of his time in Louisiana. Plaintiff and the children now live in Calcasieu Parish, Louisiana.
LSA-R.S. 13:3201 reads as follows:
“A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
“(a) transacting any business in this state;
“(b) contracting to supply services or things in this state;
“(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
“(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or
“(e) having an interest in, using, or possessing a real right or immovable property in this state.”
Plaintiff contends that subparagraph (d), quoted above from our long-arm statute, is applicable in the present case. The argument is that defendant’s failure, while domiciled in Texas, to pay alimony to his wife and children in Louisiana causes “damage in this state by an offense or quasi offense committed through an act or omission outside of this state.” The contention is also made that defendant possesses the necessary minimal contacts with Louisiana since he was divorced here, his wife and children *493 still live here, and until recently he worked in Louisiana a substantial portion of his time. International Shoe Company v. Washington, Office of Unemployment Compensation, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) and their progeny are cited.
Pretermitting the question of whether defendant possesses the necessary minimal contacts with Louisiana, we conclude the long-arm statute is not applicable since the failure to pay an alimony judgment is not “an offense or quasi offense” within the meaning of the statute. Our Civil Code, Chapter II, Articles 2315-2324 treat the subject “Of Offenses and Quasi Offenses.” This subject is generally equivalent to that which the Anglo-American lawyers call “torts.” Much has been and still is being written relative to the distinctions between delictal liability and contract liability. For instance, See Delict & Torts: A Study in parallel, 37 Tul.L.Re-view 573. There is no necessity for a lengthy discussion of these theoretical distinctions in the present case. The essential question here is the intention of the legislature as disclosed by the text of the long-arm statute. The distinction made there between liability for breach of contract and liability for “an offense or quasi offense” is obvious from the fact that these types of liabilities are treated in separate subparagraphs.
There is no Louisiana statute or decision classifying the failure to pay alimony as an offense or quasi offense. Liability for alimony arises under special statutory provisions setting forth the circumstances under which the liability exists, the procedures for enforcement, and other special rules. Under Louisiana law, liability for alimony cannot be enforced under Civil Code Articles 2315-2324 pertaining to offenses and quasi offenses.
Plaintiff cites an Illinois case, Poindexter v. Willis, 87 Ill.App.2d 213, 231 N.E.2d 1 (5th Dist. Ct. of App. of Ill. 1967) which held that the failure of a nonresident father to pay for support of an illegitimate child in Illinois constituted a “tortious” act as that term is used in the Illinois long-arm statute. The suit was filed under an Illinois statute which allows the mother of an illegitimate child to file an action to establish paternity and demand child support. The court stated that under Illinois jurisprudence the term “tortious” could include such an action when determining jurisdiction. We are aware of no such jurisprudence in Louisiana. Furthermore, for the reasons stated above we do not think our legislature intended that failure to pay alimony be considered an “offense or quasi offense” within the meaning of our long-arm statute.
In a supplemental brief, plaintiff makes the additional argument that the concept of “continuing jurisdiction” applies to give the district court of Calcasieu Parish jurisdiction over the person of the defendant. Plaintiff cites Lukianoff v. Lukianoff, 166 La. 219, 116 So. 890; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); and Pattison v. Pattison, La.App., 208 So.2d 395 (4th Cir. 1968) for the proposition that if a Louisiana court acquires jurisdiction over the subject matter, the person or the status, it retains such jurisdiction, and the court’s jurisdiction is not defeated by the removal of the person beyond the court’s territorial jurisdiction. Applying this rule to the present case, plaintiff contends that since a Louisiana court, the 29th Judicial District Court for the Parish of St. Charles, acquired personal jurisdiction over the defendant in the divorce proceedings and the incidental claim for alimony, the courts of Louisiana retain jurisdiction for the purpose of enforcing the alimony judgment,
The cited jurisprudence on continuing jurisdiction has no application to the present case since this is not the same proceeding as that in St. Charles Parish but, instead, is a separate proceeding in a different court. The plaintiff has chosen not *494 to file a contradictory motion in the St. Charles proceedings to have the amount of past due alimony determined and made ex-ecutory, as provided by LSA-C.C.P. Art. 3945. Instead of using that remedy, the plaintiff has filed a separate suit in Cal-casieu Parish. Since this is a separate proceedings in a different court, the concept of continuing jurisdiction of the St. Charles Parish proceedings has no application.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.