448 So.2d 804 (1984)
John E. PARRISH, Plaintiff-Appellee,
v.
Brenda Wiggin PARRISH, Defendant-Appellant.
No. 16,064-CA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
*805 North Louisiana Legal Assistance Corp. by David A. Titman, Monroe, for defendant-appellant.
Sharp & McVea by Robert W. Sharp, Ruston, for plaintiff-appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
The appellant, Brenda Parrish, appeals a custody award contained in a divorce judgment. The judgment awards her ex-husband custody of the minor child of the marriage. We affirm.
Appellant and her ex-husband, John Parrish, were married in Oklahoma on October 6, 1976. One child was born of the marriage. Several years after the marriage they established a matrimonial domicile in Jackson Parish. In August, 1981 they obtained a judgment of separation on the basis of mutual fault from the Second Judicial District Court of Jackson Parish. The judgment originally granted custody of the child to appellant but was amended to award custody to John. Appellant moved to Oklahoma and John moved to Texas with the child on September 1, 1981.
*806 August 30, 1982 John petitioned the Second Judicial District Court for a divorce. A prayer to retain custody of the child was included in the petition. No further pleadings were filed until March 1, 1983 when appellant filed an exception to the court's jurisdiction. On March 29, 1983, prior to a hearing on the exception, appellant filed a joint custody implementation plan and a rule for change of custody. The trial judge subsequently overruled the exception to jurisdiction. After a trial on the merits a judgment was rendered April 6, 1983 granting John a divorce and custody of the child. Brenda filed a motion for a new trial on the grounds the trial court failed to apply Louisiana's joint custody law. The motion was denied.
The issues raised on appeal are:
(1) Whether the trial court had jurisdiction to render a judgment on the child custody issue; and
(2) Whether the trial court erred in not granting joint custody.
Issue # 1
The Code of Civil Procedure provides that in order for a court in this State to have jurisdiction over status in a child custody proceeding, the child must either be domiciled in or physically present in the State. La.C.C.P. 10 A(5). Jurisdiction when the child is merely present in the State is limited by the Uniform Child Custody Jurisdiction Act, La.R.S. 13:1700-1724, to situations where the child has been abandoned or the exercise of jurisdiction is necessary in an emergency to protect the child or to situations where there is no other state which has jurisdiction under the act or to a situation where the state which has jurisdiction under the act declines to exercise it. R.S. 13:1702 A(3), (4); 13:1702 B.
In the instant case the parties stipulated to the fact that the child is domiciled in Texas and none of the conditions necessary for the exercise of jurisdiction where the child is merely present in the State were alleged to exist. Therefore, the trial court did not have jurisdiction to make the custody award unless jurisdiction existed under the concept of continuing jurisdiction or appellant could be said to have consented to or waived jurisdiction by filing the rule for change of custody.
Continuing jurisdiction is based upon the idea that once the parties have properly invoked the jurisdiction of a court to decide a certain matter, that jurisdiction continues until a final resolution of the matter. Where jurisdiction of the person or the res has once attached, it is not defeated by removal of the person or the res beyond the jurisdiction of the court. Lukianoff v. Lukianoff, 166 La. 219, 116 So. 890 (1928); Wheeler v. Wheeler, 184 La. 689, 167 So. 191 (1936); Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); DeFatta v. DeFatta, 352 So.2d 287 (La.App. 2d Cir. 1977).[1]
Appellant cites three cases in which the court refused to apply the concept of continuing jurisdiction to child custody cases after the child had been removed from the State and the independent basis for jurisdiction had terminated. Odom v. Odom, 345 So.2d 1154 (La.1977); Nowlin v. McGee, 180 So.2d 72 (La.App. 2d Cir.1965); Steadman v. Steadman, 393 So.2d 1281 (La.App. 1st Cir.1980).
In all of these cases the custody issue was raised post-divorce in an independent proceeding and the opinions do not indicate that any issue of child support was involved. The instant case is distinguishable by the fact that the custody issue was raised incidental to and as part and parcel of the divorce proceeding in a court that had awarded the separation judgment containing the initial custody decree.
*807 The courts of this State which have jurisdiction over a separation or divorce action are required to render a decision on a child custody issue raised incidental thereto. La.C.C. 157;[2]O'Bryan v. O'Bryan, 391 So.2d 1206 (La.App. 1st Cir. 1980); See also, Griffith v. Roy, 263 La. 712, 269 So.2d 217 (1972); Wilson v. Wilson, 218 So.2d 372 (La.App. 2d Cir.1969).
We hold that where the trial court had an independent jurisdictional basis to decide a child custody issue raised incidental to a separation proceeding, the court retained continuing jurisdiction over the divorce and had continuing jurisdiction to decide the child custody issue raised incidental to the divorce.
The trial court had continuing jurisdiction over the divorce proceeding under the rule of Lukianoff v. Lukianoff, supra.[3] See also Wheeler v. Wheeler, supra; Wilmot v. Wilmot, supra. At the time the custody issue was originally decided incidental to the separation proceeding, the trial court had an independent jurisdictional basis to decide the custody issue based on domicile of the child. Since the issue was again raised incidental to the divorce proceeding and the trial court had continuing jurisdiction over the divorce, the court also had continuing jurisdiction to make the custody award.[4]Wheeler v. Wheeler, Wilmot v. Wilmot,[5]DeFatta v. DeFatta, supra.
Issue #2
Under Louisiana's joint custody law, La.C.C. 146, the trial court is required to grant custody in accordance with a set order of preference.[6] Before granting sole custody to either of the parents, the court should first consider granting custody to both parents jointly. In either event, the court's decision should be made according to the child's best interest.[7]
The best interest of the child is a question of fact. On appeal the trial court's determination is entitled to great weight and will not be disturbed unless it is shown to be clearly erroneous. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); Stuckey v. Stuckey, 276 So.2d 408 (La.App. 2d Cir.1973); Murphy v. Murphy, 427 So.2d 1278 (La.App. 2d Cir.1983).
The trial court found it would be in the child's best interest to grant sole custody to the father. Appellant elected not to have the transcript of the trial proceedings included in the appellate record.
*808 In lieu of the transcript she stipulated to certain facts, none of which have any bearing on the issue of whether the trial court erred in not granting joint custody.[8] For that reason we are unable to go beyond the trial court's findings of fact, as laid out in the reasons for judgment and reasons for denying a new trial, in order to determine if the trial court was clearly erroneous and reach a different result. See Gulling v. E.I. Du Pont de Nemours and Company, 228 So.2d 750 (La.App. 4th Cir.1969).
AFFIRMED at appellant's cost.
NOTES
[1] We note that the following provision of the Uniform Child Custody Jurisdiction law contains the concept of continuing jurisdiction.

R.S. 13:1702. Jurisdiction
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding,... (emphasis supplied)
[2] C.C. Art. 157. Custody of children; visitation rights of grandparents

A. In all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146 ... (emphasis added)
[3] Lukianoff stands for the proposition that once the parties have properly invoked the trial court's jurisdiction in a separation proceeding, the jurisdiction continues until the divorce is obtained even where both parties have moved out-of-state.
[4] Having found the trial court had jurisdiction to make the custody award under the concept of continuing jurisdiction, it is unnecessary to decide whether appellant consented to or waived jurisdiction by filing the rule for change of custody.
[5] The court in Wilmot in discussing Wheeler v. Wheeler with approval made the following statement: "... The decision rested on the proposition that questions of custody of children and of alimony are incidental demands growing out of separation from bed and board suits and that the court having acquired jurisdiction of res i.e., the marital status of the parties litigant, it retained it over both parties in all matters incidental thereto...."
[6] As it was in effect at the time the divorce was granted C.C. 146 in pertinent parts provided:

A. If there are children of the marriage whose provisional custody is claimed by both husband and wife, the suit being yet pending and undecided, custody shall be awarded in the following order of preference, according to the best interest of the children:
(1) To both parties jointly ...
(2) To either parent ...
(emphasis supplied)
[7] The jurisprudence has long recognized that the primary concern of the courts in granting custody is the welfare and best interest of the child or children. See State v. Pulling, 209 La. 871, 25 So.2d 620 (1946); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952); Dean v. Dean, 210 So.2d 381 (La.App. 2d Cir.1968); Robertson v. Robertson, 215 So.2d 521 (La.App. 2d Cir. 1968); Howes v. Howes, 388 So.2d 1182 (La.App. 4th Cir.1980).
[8] Appellant's attorney also stipulated that the only issue to be litigated on appeal is the jurisdictional question. We consider the joint custody issue out of fairness to appellant. Counsel's brief and oral argument could be interpreted as raising the issue.