KLEES, Judge.
This appeal arises from the dismissal for lack of subject matter jurisdiction of plaintiff’s motion to modify child custody. We affirm.
Sometime m 1986, it appears that the plaintiff, Clifford Washington, and the defendant, Shawn Jackson Washington, were divorced in a Louisiana court which awarded custody of their minor child, Shauntell Washington, to both parents. On July 14, *1092 1989, plaintiff instituted a motion to modify the award of custody. Defendant filed an exception of lack of subject matter jurisdiction based on the fact that the child had been living with defendant in another state for over a year. Attached to the exception was a letter from James Hicks, principal of Lincoln Elementary School in Fort Campbell, Kentucky, certifying that Shauntell was enrolled at Lincoln from March 23, 1988 through the end of the school year, and from October 3, 1988 through the end of the school year. According to Hicks, Shauntell has missed only 14 days of school since March 23, 1988. Wilmoth Wallace, principal of Barkley Elementary School in Fort Campbell, Kentucky certified that Shauntell enrolled at Barkley Elementary on August 29, 1989.
After a hearing, the trial court upheld the exception and dismissed the motion to modify custody citing La.R.S. 13:1702. Plaintiff then instituted this appeal.
Plaintiff contends that the trial court erred in dismissing the proceedings for lack of subject matter jurisdiction. Plaintiff relies first upon La.C.C.P. art. 10A(5) and the concept of continuing jurisdiction. Plaintiff cites Parrish v. Parrish, 448 So.2d 804 (La.App. 2d Cir.1984) for the proposition that once the parties have properly invoked the jurisdiction of a court to decide a certain matter, jurisdiction continues until the final resolution of the matter. This concept is known as continuing jurisdiction. Plaintiff argues that since a Louisiana court originally determined custody at the time of the divorce, Louisiana courts will continue to be vested with jurisdiction over this case. However, in Parrish, the couple had not yet received a divorce. Continuing jurisdiction was thus invoked to render a final divorce and a final custody determination incidental to that divorce.
In the instant case, there has previously been a final divorce and custody ruling. The child then left the state and plaintiff now seeks to modify the custody ruling. The Supreme Court was faced with a similar situation in Odom v. Odom, 345 So.2d 1154 (La.1977). The High Court balked at invoking continuing jurisdiction in child custody cases holding that:
In alimony or child support cases there are significant reasons to support the continuing exercise of jurisdiction by Louisiana: the child or spouse to whom the support is owed is a Louisiana resident whose welfare is a legitimate interest, if not ultimate responsibility, of the state. However, in the case before us, the parent with legal custody and the children are neither present nor domiciled in this state. Louisiana’s responsibility for the welfare of such a child is remote, and its interest is, at most, vicarious and conditional because of the presence in the state of the parent who does not have custody. The state where the child is domiciled (or located) has a much more immediate interest and responsibility for, and ability to regulate conditions affectng, the welfare of the child. There are no compelling reasons for Louisiana courts to attempt to exercise “continuing jurisdiction” over the status of the absent children in this case.
In the instant case the child and the defendant have been domiciled in Kentucky for more than a year. Shauntell has been attending school in Kentucky and has established considerable contacts with that state. Although the plaintiff has certain rights under the joint custody decree, the child has no other contacts with Louisiana. While Shauntell’s contacts with this state are not quite as weak as those of the child in Odom, the analysis is similar and the result is the same. Thus the trial court was correct in declining to apply continuing jurisdiction in this case.
The plaintiff further argues that the trial court should have exercised jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act. (La.R.S. 13:1700 et seq.) La.R.S. 13:1702 A provides that Louisiana courts have jurisdiction to make a child custody determination in cases wherein:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of *1093 his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
Paragraph (1) does not apply in this case because the child had not been domiciled in Louisiana for more than six months prior to the filing of plaintiffs motion. Paragraph (2) does not apply for the reasons discussed above with regard to continuing jurisdiction. Most of the evidence concerning the child can be found in Kentucky since that has been her home state for more than a year. The child is not present in Louisiana so paragraph (3) is also inapplicable. As stated above, Shauntell’s most significant contacts are with Kentucky and that state is the proper forum to determine custody under paragraph (2), thus paragraph (4) will not apply.
In any case, the trial court has discretion to decline jurisdiction pursuant to La.R.S. 13:1706 A as Kentucky is clearly a more appropriate forum. We find no error in the trial court’s decision to dismiss this action for lack of subject matter jurisdiction.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.