697 So.2d 680 (1997)
Nathaniel HAWTHORN and Carolyn Hill Hawthorn, Plaintiffs-Appellees,
v.
CITY OF BOSSIER CITY, Louisiana, et al., Defendant,
Hubert Ferguson, Defendant-Appellant.
No. 29621-CA.
Court of Appeal of Louisiana, Second Circuit.
June 18, 1997.
*681 Walker, Tooke, Lyons & Jones, L.L.P. by Anita McKeithen, Shreveport, for Plaintiffs-Appellees.
Abrams and Lafargue, L.L.C. by Julie M. Lafargue, Shreveport, for Defendant Coregis Insurance Co.
Andrew Texada, Alexandria, for Defendants Robert Evans, Ted Cook and The Bossier Company, Inc.
Kenneth Mascagni, Shreveport, for Defendant City of Bossier City.
Ronald Raney, Shreveport, for Defendants The Bossier Company, Inc. and Aetna Casualty & Surety Co.
Peatross, Greer & Frazier by Kenneth Craig Smith, Jr., Shreveport, for Defendant-Appellant Hubert Ferguson.
Before HIGHTOWER, BROWN and CARAWAY, JJ.
CARAWAY, Judge.
Hubert Ferguson, defendant in a personal injury lawsuit, filed a motion for summary judgment asserting that the insurance policy issued to his employer required the insurer, Coregis Insurance Company ("Coregis"), to provide him a defense. Coregis responded by filing a cross-motion for summary judgment denying coverage for Ferguson's actions. The trial court granted Coregis' summary judgment and denied Ferguson's motion. Ferguson appeals the rulings and we reverse and remand for further proceedings.

Factual and Procedural History
Nathaniel Hawthorn sued Hubert Ferguson, a Bossier City employee, for battery. Hawthorn's original petition asserts that Ferguson was within the course and scope of *682 his employment when he "dragged plaintiff out of his truck ... [and] hit plaintiff in the head, choked him, spit on him, tore his shirt, and hit him in the jaw."
Hawthorn's original petition merely alleged that he suffered both physical and emotional damages. The petition contained no further description of Hawthorn's injuries and it is impossible to discern their magnitude. Moreover, Hawthorn did not specify the existence of any special damages as required by La. C.C.P. art. 861.
Plaintiff's petition finally states in paragraph fourteen:
The acts of all defendants constitute intentional infliction of emotional distress, negligence and gross negligence and intentional torts under the laws of the State of Louisiana and constitute the denial of liberty without due process of law, invasion of privacy, denial of humane treatment, torture and cruel, excessive punishment in violation of Article I of the Constitution of the State of Louisiana.
Ferguson filed a general denial to Hawthorn's petition and a third party petition asserting that Coregis Insurance Company insured Bossier City and its employees under a general liability policy which contained a duty to defend provision. Coregis filed a general denial to the third party demand and asserted that the policy specifically excluded coverage for the battery allegedly committed by Ferguson.
The policy provides coverage for an accident, a happening, or an event that "unexpectedly or unintentionally leads to personal injury or property damage."
The policy also contains the following provision:
We must defend any suit against the Insured that seeks damages for personal injuries or property damage this insurance covers, even if the allegations are groundless, false, or fraudulent.
Ferguson moved for a motion for summary judgment on the issue of Coregis' duty to defend. Ferguson argued that the duty to defend was distinct from the issue of coverage and that Coregis owed him a duty to defend even if it was eventually determined that the insurance policy did not provide coverage for his actions. Relying on Yount v. Maisano, 627 So.2d 148 (La. 1993), Ferguson asserted that the plaintiff's petition did not unambiguously exclude coverage; therefore, Coregis had a duty to defend him.
On the morning of the hearing on Ferguson's summary judgment, Coregis filed its own motion for summary judgment on the issue of coverage. In support of the motion, Coregis filed Ferguson's deposition in which he described the skirmish with plaintiff. The deposition, as alleged in the plaintiff's petition, showed that Ferguson acted intentionally which, according to Coregis, excluded coverage under the policy.[1]
The trial court accepted Coregis' argument, denied Ferguson's motion, and immediately granted Coregis' motion for summary judgment dismissing Ferguson's third party demands. Ferguson appeals seeking a reversal of the trial court's ruling denying coverage under the policy and further seeking reversal of the trail court's denial of his motion for summary judgment on the issue of the duty to defend.

Discussion
A motion for summary judgment is proper when the pleadings, depositions, answers and omissions on file, together with the affidavits submitted, show that there is no genuine issue of material fact, so that the mover is entitled to judgment as a matter of law. When reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law on the facts before the court, summary judgment is warranted. See La.C.C.P. art. 966(B); Bijou v. Alton Ochsner Medical Foundation, 95-3074 (La.9/5/96), 679 So.2d 893. A motion for *683 summary judgment should only be granted when there are no genuine issues of material fact. Louisiana Associated General Contractors, Inc. v. State through Div. of Admin., Office of State Purchasing, 95-2105 (La.3/8/96), 669 So.2d 1185. Appellate courts review summary judgments de novo, using the same criteria applied by the trial court in determining whether summary judgment is proper. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992); Jones v. Airport Systems Intern., 28,278 (La.App.2d Cir. 4/3/96), 671 So.2d 1176.
The policy language at issue defines an occurrence as:
an accident; a happening; an event; or continuous or repeated exposure to conditions. These must unexpectedly or unintentionally lead to personal injury or property damage during any year of this insurance.
Coregis asserts that a battery is not an unexpected or unintentional event; therefore there is no coverage under the policy.
The thrust of both parties' arguments to the trial court centered around the nature of the claim as presented by the injured plaintiff's petition with Ferguson arguing that the claim was alleged by Hawthorn both as an intentional tort and as negligence. The trial court correctly viewed the petition as factually alleging only an intentional tort or battery ignoring the language quoted above asserting the legal conclusion of negligence. Ignoring the interpretation given to similar policy language by our state supreme court, the litigants misdirected the trial court's focus toward the issue of intentional tort as the decisive issue.
In Breland v. Schilling, 550 So.2d 609 (La.1989), the defendant, a player in a baseball game, punched another participant once in the jaw resulting in unusually severe fractures. Interpreting an intentional injury provision[2] of an insurance policy that excluded "bodily injury or property damage which is either expected or intended from the standpoint of the insured", the Louisiana Supreme Court found that coverage did exist, explaining:
An insurance purchaser would reasonably expect that a blow intended to bruise jaw and ego, and resulting in same, would fall beyond the scope of his liability insurance coverage, because the injury was intended "from the standpoint of the insured." The insurance purchaser would likewise conclude that an act intended or expected to inflict serious injury, and resulting in injury of such magnitude, or less, would be excluded from coverage. However, an insurance purchaser would also reasonably conclude that the fortuitous occurrence of more serious injuries, beyond the intended bruise to jaw and ego, would fall within the range of risks against which he has contractually insured himself. While the insurance policy, perhaps in part for public policy reasons, bars payment of claims for injuries "intended or expected... from the standpoint of the insured," it does not bar coverage for unintentionally grievous injuries which, though precipitated by the insured, were never intended by him.
We hold, therefore, that when minor bodily injury is intended, and such results, the injury is barred from coverage. When serious bodily injury is intended, and such results, the injury is also barred from coverage. When a severe injury of a given sort is intended, and a severe injury of any sort occurs, then coverage is also barred. But when minor injury is intended, and a substantially greater or more severe injury results, whether by chance, coincidence, accident, or whatever, coverage for the more severe injury is not barred. Whether a given resulting bodily injury was intended "from the standpoint *684 of the insured" within these parameters is a question of fact.
Id. at pp. 613-614.
Subsequently, in Yount v. Maisano, supra, the court reiterated that policy provisions excluding coverage for bodily injury "expected or intended by the insured" refer to whether the injury was expected or intended not the act that resulted in the injury. Clearly in both Breland and Yount, the tortfeasors intended to strike the plaintiffs. If the policy exclusion applied to intentional acts, then there would be no coverage. The exclusion, however, requires a comparison of the nature of the injuries inflicted with the intentions and expectations of the defendant as shown by the defendant's expressions of intent and the surrounding facts.
From the rulings in Breland and Yount, in order for coverage to exist under the provision in dispute, the fact finder must determine that the injuries sustained by Hawthorn during the battery were not the same as those intended or expected by Ferguson. As demonstrated by Ferguson's deposition testimony, the battery was clearly an intentional act. However, that is not dispositive of the issue of insurance coverage under the policy. The question that must be addressed is whether Ferguson intended to inflict the injuries actually sustained by Hawthorn. Despite the scant and nondescript allegations of the plaintiff's physical and emotional damages as set forth in the petition, Coregis presented no evidence in support of its motion for summary judgment revealing any facts about the plaintiff's injuries allowing a comparison with Ferguson's intentional actions. Accordingly, it is impossible to determine whether the injuries inflicted were intended or expected by Ferguson under the test of Breland and Yount, and the trial court's grant of Coregis' summary judgment is reversed.
Finally, Ferguson appeals the denial of his motion for summary judgment seeking recognition of Coregis' duty to defend. Such a motion must be viewed as a request for partial relief under Ferguson's third party demand since the motion does not attempt to prove that complete coverage under the policy exists. Additionally, the motion does not establish the amount of attorney's fees, costs or other damages to which Ferguson would be entitled for the breach of the duty to defend.
Until such time that a judgment establishes whether complete coverage[3] under the policy exists, the issue of the duty to defend remains included as a part of Ferguson's overall claim for coverage. Therefore, since Ferguson's request for partial summary judgment did not seek to establish his claim for complete coverage under the policy or his entire claim for liability against Coregis, we question whether such motion is authorized by subsection F of La. C.C.P. art. 966. In any event, whether appropriate for partial summary judgment or not, the supreme court has recently made clear that any such partial ruling which might fall under Article 966 is a non-appealable, interlocutory judgment. La. C.C.P. art.1915; City of Plaquemine v. North American Constructors, Inc., 96-1825 (La.11/8/96), 682 So.2d 1253. As such, we decline to rule on the denial of Ferguson's motion for partial summary judgment as Ferguson's right to establish a breach of the duty to defend must be considered further upon remand and the complete adjudication of all of his claims under the third party demand.

Conclusion
For the reasons set forth above, we reverse the summary judgment granted to Coregis declaring that the insurance policy in question did not provide coverage to Ferguson. Because we have reversed the summary *685 judgment granted to Coregis and remanded for further proceedings we do not reach the issue of Coregis' duty to defend. Costs of this appeal are assessed against Coregis.
REVERSED AND REMANDED.
HIGHTOWER, J., concurs in the result.
BROWN, J., concurs with added reasons.
BROWN, Judge, concurs with added reasons.
I would add the following reasons to those stated in the majority opinion.
This lawsuit was initially filed in federal court, but was dismissed for lack of federal subject matter jurisdiction. Plaintiffs then filed in state court against the City of Bossier and several other defendants, including a Bossier City employee, Hubert Ferguson, seeking damages under 42 USC § 1983 and state tort law.
Plaintiff, an African-American, claimed that he was beaten by a group of white males at a job site on Wedgewood Street in the Green Acres subdivision in Bossier City. Defendant Ferguson was employed by the city as an inspector and was at the job site in that capacity. Ferguson filed a third party demand against the city's insurer, Coregis. The insurer filed a motion for summary judgment.
Coregis put Ferguson's deposition into the record (apparently after the ruling granting Coregis' summary judgment motion). In his deposition, Ferguson claims that: as an inspector with the City of Bossier, he went to the job site; plaintiff drove past Ferguson at a high speed (for a construction site), went down to the end of the street (a cul-de-sac), turned around and came back by at a high speed; an employee of the contractor flagged plaintiff down; plaintiff got out of his vehicle cursing and armed with a 2 X 4; the contractor asked Ferguson to block the road and call the police; Ferguson blocked the road with his city truck and called the police on his radio; thereafter, Ferguson, with the contractor, walked up to the truck; plaintiff cursed Ferguson and hit him in the head; Ferguson at this point "lost it" and hit plaintiff; Ferguson denied spitting on or kicking plaintiff; Ferguson was treated at the scene for a cut on his head and hands; Ferguson claimed that after the incident was over, plaintiff came back up to the group and began again to curse them.
Only Ferguson's deposition was put into the record and standing alone, it presents a material fact issue, self-defense, affecting coverage. The insurer's motion for summary judgment would have had to contain clear evidence that no material issue of fact existed and that the clause in its policy excluding coverage was applicable. The motion did not do so.
NOTES
[1] We note that while the insurance policy in question defines an insured as an employee "acting within the scope of his duties," the focus of Coregis' motion for summary judgment was not directed at this issue. The determination of the related issue in the context of vicarious liability has turned on whether the intentional act was reasonably incidental to performance of the employee's duties. See Baumeister v. Plunkett, 95-2270 (La.5/21/96) 673 So.2d 994; Reed v. House of Decor, Inc., 468 So.2d 1159 (La.1985).
[2] While Breland interpreted a policy provision excluding injuries "expected or intended from the standpoint of the insured," the subject policy contains a different, more awkwardly worded, provision defining coverage for events that "unexpectedly or unintentionally lead to personal injury." Though these provisions may both be viewed as ambiguous for the reasons expressed in Pique v. Saia, 450 So.2d 654 (La.1984), we interpret the subject provision the same as the provision at issue in Breland, excluding coverage only for those injuries which the insured subjectively desired to inflict, as measured not only by the insured's expressions of his intent but also by all the facts and circumstances bearing on such intent or expectation.
[3] Ferguson's third party claim seeks to establish Coregis' obligations for "a legal defense and/or coverage" under the policy. Clearly, such a claim must primarily assert complete coverage under the policy for the injured party's claim in the principal action. Complete coverage would pay for Hawthorn's damages and provide Ferguson a defense. The possibility that complete coverage may apply to Hawthorn's suit as measured by Hawthorn's petition can eventually provide Ferguson the alternative relief for the breach of the duty to defend in the event the evidence upon final disposition fails to establish coverage under the policy. See Yount v. Maisano, supra.