720 So.2d 1280 (1998)
Robert Frank NELSON, d/b/a Coupons-Coupons, Plaintiff,
v.
WANT ADS OF SHREVEPORT, INC., d/b/a Thrifty Nickel and Milton Ledet, Defendants-Appellants.
No. 31168-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1998.
*1281 Hargrove, Pesnell & Wyatt by Billy R. Pesnell, Shreveport, for Defendants-Appellants.
Charles G. Tutt, Thomas A. Bordelon, Shreveport, for Third Party Defendant-Appellee State Farm Fire & Casualty Company.
Before MARVIN, C.J., and BROWN and PEATROSS, JJ.
MARVIN, Chief Judge.
In this action arising out of a failed business venture between plaintiff, Robert Frank Nelson, Jr., d/b/a Coupons-Coupons, and defendants, Milton Ledet, the principal in Want Ads, the defendant corporation-publisher of the Thrifty Nickel weekly newspaper, the defendants appeal a summary judgment declaring that State Farm, the comprehensive general liability insurer of the defendant corporation [Want Ads], did not owe a duty to defend and a duty to indemnify either Want Ads or Ledet against the plaintiff's demands.
In 1997, plaintiff filed a supplemental and amending petition in the 1990 action to claim damages for "mental anguish, anxiety, emotional distress, humiliation, loss of reputation in the community and pain and suffering" as a result of defendants' conduct, "including, but not limited to, the ... unfair or deceptive acts or practices" of both defendants and Ledet's "tortious interference with the contract" between plaintiff and Want Ads. State Farm was soon thereafter made a third party defendant by Want Ads and Ledet, after State Farm had initially denied in 1995 both coverage and a defense to Want Ads and Ledet. Soon after State Farm was joined, Want Ads and Ledet settled with plaintiff, leaving pending only the third party coverage and indemnity demands against State Farm.
Opposing State Farm's motion for summary judgment after the settlement, Ledet's affidavit asserted that defendants paid $30,000 to plaintiff, consisting of $7,500 for "alleged breach of contract," $7,500 for "alleged tortious interference with contract," and $15,000 for "alleged mental anguish, anxiety, emotional distress, humiliation, loss of reputation, and pain and suffering."
The trial court construed plaintiff's allegations as asserting, and State Farm's coverage as excluding, breach of contract demands, granting State Farm a summary judgment dismissing the third party demand. The court denied the cross-motion for summary judgment by Want Ads and Ledet seeking recognition of State Farm's duty to defend.
Reviewing the latter interlocutory judgment [denial of the cross-motion] along with the appealable summary judgment in State Farm's favor under Leonard v. Stephens, 588 So.2d 1300 (La.App. 2d Cir.1991), we find that the petition alleges demands other than breach of contract which are not clearly excluded from coverage, and that material issues of fact exist as to whether these demands are actually covered under the policy. Reversing the summary judgment in State Farm's favor, we grant defendants' motion for summary judgment to recognize State Farm's duty to defend, and remand the remaining coverage issues for trial.

DISCUSSION
We summarize what plaintiff's 1990 action essentially alleges:
*1282  The breach of the contract whereby Thrifty Nickel would publish and promote advertising coupons that would be designed and sold by plaintiff;
 That defendants induced plaintiff to enter into the contract by falsely representing that Thrifty Nickel personnel would promote plaintiff's sale of the coupons and the number of coupons plaintiff could "sell";
 That defendants engaged in unfair trade practices, inflicted emotional distress, injured Nelson's reputation in the community and misappropriated or converted for their own use and benefit plaintiff's property by selling coupons designed by plaintiff;
 That Ledet tortiously interfered with the contract between plaintiff and Want Ads; and
 That Ledet committed assault and battery.
Defendants acknowledge that the State Farm policy excludes liability coverage for plaintiff's breach of contract claims against them, but contend that plaintiff's claims in tort are not clearly excluded from coverage by the policy.
We consider some provisions of the policy:
State Farm agreed to pay "damages because of bodily injury, property damage or personal injury caused by an occurrence to which this insurance applies." The policy defines occurrence to mean "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured and with respect to personal injury, the commission of an offense or series of similar or related offenses...." (Emphasis in original.)
The policy defines each of the three types of damage referred to in the definition of occurrence: bodily injury, property damage and personal injury. See definitions of these terms infra. The policy does not, however, define the two types of conductaccident and offensewhich may constitute a covered occurrence under the policy.
Within the context of insurance coverage, the term accident or an equivalent reference to an act or event causing injury which was neither expected nor intended from the standpoint of the insured has been construed by the courts to include not only the insured's negligent conduct, but also intentional conduct as long as the insured did not subjectively expect or intend the resulting injuries or damages. This policy does not contain a separate "intentional acts" exclusion. Compare Pique v. Saia, 450 So.2d 654 (La.1984); Yount v. Maisano, 627 So.2d 148 (La.1993); and Hawthorn v. City of Bossier City, 29,621 (La.App.2d Cir.6/18/97), 697 So.2d 680.
The term offense is the civilian equivalent of tort, and is generally defined as an "act ... of man which causes damage to another." La. C.C. art. 2315; Martin v. Martin, 250 So.2d 491 (La.App. 3d Cir.1971). An act constituting an offense under Art. 2315 may be either negligent or intentional.
As to the type of damages covered, the policy defines bodily injury as "bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom." The policy defines property damage as "physical injury to or destruction of tangible property" or "loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period."
Personal injury is defined to mean "injury which arises out of one or more of the following offenses committed in the conduct of the named insured's business: ... the publication or utterance of libel or slander or other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the named insured."

CONCLUSION
We conclude the policy does not unambiguously exclude coverage for plaintiff's tort claims against defendants [claims of misrepresentation, infliction of emotional distress, misappropriation or conversion, injury to *1283 reputation and unfair trade practices against both defendants, with additional claims of tortious interference with a contract and assault and battery against Ledet, the principal owner and officer-employee of Want Ads, the insured, who may have been within the course and scope of his employment].
The terms accident and offense, which are not expressly defined in the policy, are each sufficiently broad to allow for the possibility of coverage for either or both negligent conduct and intentional conduct which caused injury or damage that was not subjectively expected or intended by the defendants. See and compare Pique, Yount and Hawthorn, cited supra.
The policy definition of bodily injury allows for the possibility of purely emotional harm, without any physical trauma. See and compare Crabtree v. State Farm Ins. Co., 93-0509 (La.2/28/94), 632 So.2d 736, and cases cited therein. The alleged misappropriation or conversion of coupons fits the policy definition of property damage. The possibility of personal injury is raised by the allegations of tortious injury to plaintiff's reputation. Ambiguity in the meaning of the policy provisions, of course, must be construed against State Farm. Pique, supra; Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.
The possibility that one or more of plaintiff's demands against Want Ads and Ledet may be covered under the policy is not unambiguously excluded by the allegations of Nelson's petition. On this record, the trial court erred in finding no duty to defend as a matter of law. See and compare Reynolds, supra and Rio Rouge Development Corp. v. Security First Nat. Bank, 610 So.2d 172 (La.App. 3d Cir.1992).
The summary judgment in State Farm's favor also found no coverage under the policy as a matter of law. The policy definition of accident, however, necessarily requires a factual determination as to the type and extent of injury or damage suffered by the plaintiff, and the state of mind of the defendants with respect to those injuries. Those facts, material to coverage, are not undisputed. This record does not allow, at this juncture, summary disposition of the coverage issue. See and compare Hawthorn, supra; Bilbo v. Shelter Ins. Co., 96-1476 (La.App. 1st Cir.7/30/97), 698 So.2d 691, writ denied; and Lawson v. Straus, 95-2518 (La.App. 4th Cir.10/2/96), 684 So.2d 959, writ denied.

DECREE
Reversing the summary judgment dismissing the third party demand against State Farm, we render summary judgment in favor of Want Ads and Ledet recognizing State Farm's duty to defend, and remand the matter for trial. Costs, here and below, are assessed to State Farm.