283 So.2d 839 (1973)
Dianne Greer BROOMFIELD, Plaintiff-Appellee,
v.
Conrad Allen BROOMFIELD, Defendant-Appellant.
No. 12124.
Court of Appeal of Louisiana, Second Circuit.
September 11, 1973.
Holloway, Baker, Culpepper, Brunson & Cooper, by Bobby L. Culpepper, Jonesboro, for defendant-appellant.
*840 Leon H. Whitten, Jonesboro, for plaintiff-appellee.
Before AYRES, BOLIN and PRICE, JJ.
PRICE, Judge.
Conrad Allen Broomfield and Dianne Greer Broomfield were divorced by judgment rendered on February 19, 1973, in Jackson Parish, Louisiana. This judgment awarded custody of the two minor children to the mother, with permission to remove the children to the state of California subject to the father having the children for eight weeks each summer. The cost of transportation of the children for this visitation was divided equally between the parties. Broomfield was ordered to pay support and maintenance for the children in the sum of $25 per week.
Appellant, Conrad Allen Broomfield, has restricted the issues for consideration by us on this appeal to the following questions: (1) Whether or not the trial court abused its discretion in permitting the mother to remove the children from Louisiana to the state of California; (2) Was the award of child support proper in the absence of allegations in appellee's responsive pleadings relating to this issue and without evidence being submitted to show need and ability to pay?

FIRST ISSUE
The Supreme Court in Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953) ruled that a court may permit a parent having custody of minor children to move them from the court's jurisdiction and to another state where the custodian has good reason for living in the other state and such course is consistent with the welfare of the children. The court emphasized the large amount of discretion accorded to a trial judge in deciding such an issue involving welfare of children.
Appellant concedes the Wilmot case is the law on this issue but contends the true reason advanced by appellee for requesting permission to take the children to California is to deprive him of regular and convenient visitation privileges with the children and this alone is not sufficient reason to justify the court to grant this request.
It is admitted by appellee that one of the reasons she desired to move from Jonesboro was to prevent disciplinary problems with the children which she believed were caused by their frequent all weekend visits with appellant. However, appellee's testimony shows her primary reason for desiring to move to California is to better her present economic status. Her testimony reveals she visited in the home of her married sister in San Diego during January of this year and while there found employment with California State University. Her beginning salary in this employment is $120 per week with opportunity for advancement after six months. Her salary at her previous employment in Jonesboro was $75 per week. Appellee further testified retirement and insurance benefits afforded her at the new employment far exceed any she could obtain in her home area. Her testimony also shows she has living accommodations in the San Diego area which enable her to provide for the children's care after school hours with her sister's family, which minimizes the cost of their maintenance. We think the comment of the court in Pattison v. Pattison, 208 So.2d 395 (La.App. 4th Cir. 1968) is appropriate to the circumstances involved herein and we quote therefrom:
"In our highly mobile society, it is usually unrealistic to demand that a parent granted custody of the children be confined in a certain geographical area during their minority. We take judicial recognizance of the fact that men and women are readily subject to job transfer in our society and equity demands that they should be free to go where their best opportunities lie...."
*841 Although we understand the practical effect of the removal of the children is to seriously impair the father's inherent right of visitation, this factor must be subordinated to the rights of the custodial parent to be reasonably unrestricted in selecting a place of residence for economic and justifiable personal reasons. From our study of the testimony we find no abuse of discretion by the trial judge in allowing the removal of the children.

SECOND ISSUE
In appellee's answer and reconventional demand filed in response to appellant's petition for a final divorce, the allegations are limited to her right to and fitness for the custody of the children and her request to move the children to California. There are no factual allegations concerning support for the children, nor is there a prayer for same. On trial of this cause the only reference to this subject is a mention made by appellee of the amount of support paid weekly by appellant during their period of separation. No evidence was presented to show appellant presently needed or desired support for the children or the financial ability of appellant to contribute.
The testimony in the record taken as a whole does not indicate the matter of child support was intended to be an issue in the case, and the trial judge was in error in continuing the child support previously awarded in the judgment of separation between these parties.
We do not find the provisions of La.C. C.P. Article 862[1] applicable to authorize such action by the court under circumstances as presented herein.
For the foregoing reasons the judgment appealed from is amended to delete therefrom the order for Conrad Broomfield to pay the sum of $25 weekly to Dianne Greer Broomfield for support of the minor children, and as amended the judgment is affirmed.
Costs of this appeal are to be prorated equally between the parties.
NOTES
[1] Art. 862. Relief granted under pleadings; sufficiency of prayer

Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.