313 So.2d 854 (1975)
Cecil Rhodes LLOYD, Plaintiff-Appellant,
v.
Donna Mae Thomas LLOYD, Defendant-Appellee.
No. 12610.
Court of Appeal of Louisiana, Second Circuit.
June 3, 1975.
Rehearing Denied July 1, 1975.
*855 Donald R. Miller, Shreveport, for plaintiff-appellant.
Cook, Clark, Egan, Yancey & King by Gordon E. Rountree, Shreveport, for defendant-appellee.
Before PRICE, HALL and MORRIS, JJ.
MORRIS, Judge.
This matter comes before this court on an exception of no cause of action sustained by the trial court dismissing plaintiff's suit. On December 10, 1974, Cecil Rhodes Lloyd filed a petition and rule to show cause against his wife from whom he was judicially separated on June 26, 1974, seeking to modify the judgment which awarded to Mrs. Lloyd the custody of two minor children born issue of their marriage. Plaintiff in rule seeks an injunction restraining the custodial parent from removing the two children from the Shreveport-Bossier area to the State of Florida where Mrs. Lloyd had expressed an intention to establish residence.
The essential allegations of the petition are summarized as follows:
(1) Plaintiff and defendant were judicially separated by judgment on June 26, 1974, and Mrs. Lloyd was awarded the custody of the two minor daughters who are the subject of this litigation and plaintiff was awarded the custody of a minor son.
(2) Plaintiff has been informed by his wife that she intends to move from Shreveport to the State of Florida on or about January 17, 1975, and that she has stated in response to the objections of plaintiff in rule that she had a right to her own happiness and to find someone to remarry, and did not have the time to do the things that plaintiff in rule desired her to do for the children's welfare.
(3) The primary and main purpose of the intended move is to deprive plaintiff of meaningful rights of visitation with the two children.
(4) The children attend school in Shreveport and are doing well.
(5) Defendant has failed to provide the proper parental guidance and care *856 and welfare of the two children and exercises a very relaxed parental supervision and discipline of the children.
(6) Plaintiff has had to intervene on several occasions to bring proper supervision and discipline to the children.
(7) Defendant in rule does not provide planned programs of activity for the children and plaintiff in rule has been required to intervene to enlist his daughters in such programs.
(8) The children are engaged in numerous activities developing their moral character which would not be as readily available to them in another place.
(9) The grandparents live in the area and the children visit them and attend religious services with them.
(10) The best interest of the two minor daughters will be served by their remaining in the Caddo-Bossier area.
In sustaining the exception of no cause of action, the trial judge noted that in the absence of Sachse v. Sachse, 150 So.2d 772 (La.App. 1st Cir. 1963) he would have no qualms whatsoever with the proposition that under no circumstances was the plaintiff in rule entitled to the relief which he seeks. However, under subsequent cases he found that even if the allegations of petitioner in rule were proven they would not support the relief which he requests.
Since the appeal has been taken defendant in rule has filed a motion to dismiss the appeal on grounds of mootness and has attached to the motion affidavits that Mrs. Lloyd (with her children) became a resident of the State of Florida on January 27, 1975. Thus defendant in rule claims that the move to Florida having become fait accompli, the issue in the present matter is moot. We do not agree. The First Judicial District Court for the Parish of Caddo could still render an effective judgment modifying the custody judgment in the respect requested by plaintiff in rule. We do not intend to speculate or even suggest the form of the modifications or the procedural devices available for enforcement, but the rights of plaintiff in rule at the time the suit was filed cannot be defeated by defendant in rule doing exactly that which plaintiff sought to prevent. Courts will not rule on questions of law which become moot, since the decree will serve no useful purpose and can be of no practical relief, State of Louisiana v. Ward, 259 La. 317, 249 So.2d 921 (1971), and cases cited therein, but we are not convinced in the present matter that modification of the custody decree could be given no practical effect. The Motion to Dismiss, therefore, is denied.
The cause of action asserted by plaintiff in rule is based almost entirely on the Sachse Case, supra. That case was the fifth and final phase of litigation between husband and wife where both parties had been seeking a judicial separation or divorce. Custody of the child born issue of the marriage was an issue throughout and was hotly contested. In resolving all matters in this hard fought divorce, alimony and custody case, the trial court granted custody to the mother, but as part of the decree restricted the custodial parent to the jurisdictional area of the court and the appellate court affirmed.
A trial judge may, in his discretion and for the best interest of the child, attach reasonable conditions on custody or visitation rights, and we view the jurisdictional restriction in the Sachse Case, supra, as nothing more than such a reasonable condition. The case does not stand for the proposition that a custody decree may be modified in a subsequent proceeding to add restrictions or conditions on the mere allegation of the non-custodial parent that such restriction or modification would be in the best interest of the child. Modification of an existing custody decree was not *857 an issue there, and the case only holds that a geographical restriction is a condition which the trial judge in his discretion may impose in the original custody hearing.
In effect, plaintiff is seeking a change in custody from a geographically unrestricted custody to a geographically restricted custody. He is asking that a serious condition or restriction be attached to the previously granted custody decree, and that the judgment be modified to that extent. His demand is analogous to and hardly distinguishable from a modification in which custody is changed from one parent to the other parent. Such a drastic curtailment of the rights of the custodial parent to whom custody has been given by the trial court is a serious change in custodial care. As such, we believe the burden on plaintiff in rule should be the same as that required for a change in custody from one parent to the other. Therefore, we feel that the two-fold burden enunciated in Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) is applicable and that plaintiff in rule must allege and prove: (1) that the children are in a deleterious situation, and (2) that a change in custody would be in the best interest of the children. Interpolating the rule to fit this situation, the plaintiff in rule must allege and prove: (1) a deleterious situation and (2) that a change in the conditions of custody would be in the best interest of the children. The issue raised by the Exception of No Cause of Action is unique and we believe for the best interest of all parties concerned that this twofold requirement is necessary. Otherwise, the court would be called upon to make a modification or change in custodial care and conditions thereof just as serious as the change from one parent to the other, but without the allegations and proof necessary to effect the latter.
Appellant and appellee both rely upon Broomfield v. Broomfield, 283 So.2d 839 (La.App. 2d Cir. 1973) in which a divorce judgment granted custody to the mother with permission to remove the children to State of California. Apparently the removal of the children was an issue in the divorce case and the court in its discretion granted the permission for removal, but this case does not relate to or assert any ground rules for the subsequent modification of an unrestricted custody decree. In Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953) the wife obtained a divorce in which she was given the permanent care and custody of the children born issue of the marriage, but with certain rights reserved to the father which amounted to divided custody. See Wilmot v. Wilmot, supra, 65 So.2d at p. 326. The custodial portion of the divorce decree was a consent judgment. Finding it difficult to live in New Orleans and raise the children because of housing accommodations and finances, the custodial parent decided to return to her home in Tennessee where she could live with her mother and have some financial security. Therefore, she filed a rule against the father ordering him to show cause why she should not be permitted to remove her residence and domicile to Tennessee and there rear and educate her two minor children. Although there had been no geographical restrictions on the custodial parent in the consent custody decree, this rule was necessary inasmuch as the rights reserved to the father amounted to divided custody. It is easily distinguished from the present matter because the divided custody could only be exercised if the children resided in New Orleans; therefore, modification was necessary and the custodial parent herself sought it. Furthermore, the father in response to plaintiff's rule sought to relitigate and did relitigate the whole issue of custody and his right to seek custody for himself was never questioned. In Pattison v. Pattison, 208 So.2d 395 (La.App. 4th Cir. 1968writ refused 1968) the defendant in rule apparently did not question the cause or right of action of plaintiff in rule in *858 seeking to modify a custody award so as to order the custodial parent to return to the State of Louisiana with the children. Defendant in rule made a general appearance submitting herself to the jurisdiction of the lower court. A hearing was held and it does not appear that the exception of no cause of action was raised or considered by the court. We do not find that any of these cases apply to the present matter.
The allegations of plaintiff in rule are based almost entirely on the claim that the best interest of the children would be served by them remaining in Louisiana in the Shreveport-Bossier area. Although plaintiff in rule makes general statements criticizing Mrs. Lloyd on disciplinary and activity matters, these do not amount to an allegation of a detrimental or deleterious situation. Certainly the allegations would not be sufficient to remove the custody from the mother and place the children in the custody of the father. Neither do we feel that the allegations are sufficient to change an unrestricted custody to one of restricted custody.
Plaintiff's claim that his rights of visitation will be impaired is answered by Broomfield v. Broomfield, supra:
"Although we understand the practical effect of the removal of the children is to seriously impair the father's inherent right of visitation, this factor must be subordinated to the rights of the custodial parent to be reasonably unrestricted in selecting a place of residence for economic and justifiable personal reasons." 283 So.2d at p. 841.
This is not a subordination of the best interest of the children to the rights of the custodial parent, for until a detrimental or deleterious situation is alleged and proved, the welfare of the children is protected.
For the reasons assigned herein, the judgment of the trial court is affirmed at appellant's cost.