411 So.2d 663 (1982)
Stephen L. GUICE, III
v.
Terry M. GUICE.
No. 12613.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
*664 Bettyanne L. Bussoff, Bussoff & Waldrup, New Orleans, for plaintiff-appellant.
Robert C. Lowe, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, for defendant-appellee.
Before REDMANN, GULOTTA and KLEES, JJ.
KLEES, Judge.
Dr. Stephen L. Guice, III and Terry Morrow Guice were divorced in the State of North Carolina in 1977. As an incident to that divorce a separation agreement was executed and signed pursuant to North Carolina law in March of 1977 dealing with child support and related expenses.
In June, 1979 this agreement was recognized by the State of Louisiana and made enforceable in this state. The specific provisions of the agreement were adopted, the amount of child support increased to $350 per month, and visitation privileges were modified by consent of the parties.
Terry Morrow Guice later brought a rule to increase child support and Dr. Guice brought a rule to increase visitation privileges.
After evidence was taken on the issue of child support and increased visitation, the trial court ordered Dr. Guice to pay $1,050 per month in child support, and further ordered that the visitation privileges of Dr. Guice would be limited to five (5) weeks during the summer vacation and two (2) weeks during the Christmas or Easter season on a yearly alternating basis. Dr. Guice was also ordered to assume the financial responsibility for the transportation costs incurred in connection with the visitation and to provide Ms. Guice with two months advance notice when he intends to visit with the minor child during the summer vacation.
Dr. Guice appeals from this judgment. The issues presented in this appeal are whether the trial court abused its discretion in granting a substantial increase in the award of child support and whether the trial court erred in reducing the specific visitation outline in the consent judgment when a reduction was not sought.
The Louisiana jurisprudence establishes that a consent judgment of alimony is not subject to modification unless a change of circumstances supporting the modification is proved. Bernhardt v. Bernhardt, 283 So.2d 226, 229 (La.1973); Johnson v. Johnson, 357 So.2d 69 ([La. App.] 4th Cir. 1978). This rule applies to child support awards as well as alimony awards. Laird v. Laird, 363 So.2d 244 ([La.App.] 4th Cir. 1978); Gennaro v. Gennaro, 306 So.2d 756 ([La.App.] 4th Cir. 1975). The change in circumstances must occur during the period of time between the date of the consent judgment and the date of the rule for modification of the award of child support and alimony. Bernhardt, supra. The party requesting a modification of a support *665 award bears the burden of proving a change in the financial condition of one of the parties. Cole v. Cole, 338 So.2d 152 ([La.App.] 2nd Cir. 1976); Rachal v. Rachal, 250 So.2d 560 ([La.App.] 1st Cir. 1971). Finally, the jurisprudence clearly establishes the rule that an award of alimony and child support are within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Nicolle v. Nicolle, 308 So.2d 377 ([La.App.] 4th Cir. 1975); Fakouri v. Perkins, 322 So.2d 401 ([La.App.] 3rd Cir. 1975).
In considering the child support award, LSA-C.C. Art. 227 establishes that both parents have the obligation of supporting, educating, and maintaining their children. Alimony awarded in fulfillment of this obligation must be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. LSA-C.C. Art. 231. Cowen v. Cowen, 375 So.2d 118 ([La.App.] 3d Cir. 1979). Moreover Ducote v. Ducote, 339 So.2d 835 (La.1976) establishes that "* * * if the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit." Also see Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953). Howell v. Howell, 391 So.2d 1304 (La. App. 4th Cir. 1980)

In the present case it is argued by appellant that the trial judge based the increase on the change in circumstances from the original settlement of March, 1977, rather than the date of the last award as decreed in June, 1979. However, this, in and of itself, does not suggest an abuse of discretion, particularly since the evidence presented to the court reflects that the needs of the child have increased and Dr. Guice is more than capable of providing $1,050.00 per month for the support of his minor daughter. Wilmot v. Wilmot, supra.
Such action would also be in line with Article VIII, paragraph three of the separation agreement which has been recognized in these proceedings:
"The parties shall, on an annual basis, review the provisions for child support contained herein and make such adjustments as are reasonable, giving due consideration to the needs of the child and the economic ability of the husband at any time."
The testimony and the documentary evidence disclosed that the expenses for the support of the seven year old child have increased since the consent judgment of June, 1979.
The testimony and the documentary evidence also revealed that Dr. Guice's salary has increased by more than $13,000 since the consent judgment. Accordingly, we find no abuse of discretion on the part of the trial court.
Dr. Guice asked for an increase in visitation. Mrs. Guice objected to any increase and asked for a two month notice concerning the summer visitation. Nowhere in the record or in the testimony is there any request for a reduction in the visitation privileges set out in the settlement agreement.
The appellant cites Broomfield v. Broomfield, 283 So.2d 839 (La.App. 2nd Cir. 1973) for the proposition that it is improper for the court to consider matters not at issue before the court. The appellee argues that Broomfield is distinguishable from the present case because in Broomfield the court awarded child support payments when support was never an issue in any sense whereas in the present case the issue of visitation privileges, albeit a request for an increase, was at least an issue before the Court and as such was within the power of the Court to increase or decrease with the best interest of the child in mind.
Article 862 of the Code of Civil Procedures states that except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleading and the latter contain no prayer for general and equitable relief.
*666 If the testimony of Mrs. Guice had contained any objection to the visitation privileges set forth in the settlement agreement Article 862 might allow for a reduction in visitation privileges despite her failure to state such a claim in her pleadings. However, the only objection that can be inferred from her testimony is that she did not want the privileges to be enlarged beyond that in the agreement and she desired a two month notice period during the summer vacation. Accordingly, the Court went beyond its authority in reducing the visitation privileges below that as agreed to by the parties in the settlement agreement.
For the foregoing reasons the judgment appealed from is amended to restore the visitation rights of Dr. Guice to his minor daughter, Elizabeth T. Guice, for six weeks during the summer vacation. In all other respects the judgment is affirmed. Costs of this appeal are to be divided equally between the parties.
AMENDED AND AFFIRMED.