616 So.2d 727 (1993)
Peter H. HERTZAK
v.
Patricia Tate HERTZAK.
No. 92 CA 1678.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
Rehearing Denied April 28, 1993.
*728 Ernest S. Anderson, Slidell, for Patricia Hertzak.
Robert C. Lowe and Ellen Widen Kessler, New Orleans, for Peter Hertzak.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
SHORTESS, Judge.
This appeal arises out of a trial court judgment ordering the issuance of a mandatory injunction requiring a mother with sole custody to return her two minor children to the State of Louisiana from Texas and to relocate in St. Tammany Parish or the New Orleans Metropolitan area.

FACTS
Patricia H. Hertzak (defendant) and Peter H. Hertzak (plaintiff) were married on May 18, 1985. One child was born of the marriage, and one minor child of defendant's previous marriage was adopted by plaintiff.
On April 4, 1991, plaintiff filed a petition for divorce and sought joint custody of the minor children. Defendant reconvened seeking sole custody. Thereafter, the trial court appointed an independent mental health expert to perform an evaluation of the parties and the children for the purposes of a custody and visitation determination.
On October 28, 1991, the trial court granted the parties a final divorce. On February 26, 1992, both parties appeared in court and entered into a stipulation whereby the sole custody of the two children was awarded to defendant in accordance with the recommendations contained in the custody evaluation of the court-appointed expert. A stipulated judgment was subsequently signed on March 24, 1992, which further ordered defendant and the minor children to vacate the matrimonial domicile by April 1, 1992.
On or about March 28, 1992, plaintiff learned that defendant was planning to move with the minor children to Austin, Texas. Defendant's counsel was contacted on March 30, 1992, and told that plaintiff was preparing an injunction to restrain her from leaving the trial court's jurisdiction with the children. The following morning, a temporary restraining order enjoining defendant from removing the children from its jurisdiction was signed by the court. Defendant, however, moved with the children to Texas before she could be served with the restraining order.
A hearing on plaintiff's request for an injunction, along with a previously-filed motion for new trial relative to the custody agreement, was held on May 11, 1992. The trial court denied plaintiff's motion for a new trial but also issued a mandatory injunction "ordering Patricia H. Hertzak to return the minor children of the marriage to St. Tammany Parish or the New Orleans *729 metropolitan area no later than June 7, 1992, the Court specifically finding that such relocation to an area within easy driving distance of the father is in the best interest of the two minor children of the marriage."
On June 18, 1992, we stayed the injunction pending appeal. Defendant contends the trial court erred in issuing a mandatory injunction ordering the return of the children to the State of Louisiana and specifically to a location within easy driving distance of their father. She argues that "a sole custodian is embodied with the right to make decisions as to what serves the best interest of her children without prior consultation with the non-custodial parent," and believes that her move with the children to Texas serves both her best interests and that of the children. Plaintiff, on the other hand, contends he would never have stipulated to sole custody in favor of defendant had he known of her intent to move out of state and argues that her real reason for moving is to cut off his contact with the children. He further argues that the trial court was correct in ordering the mandatory injunction and requests that this court immediately dissolve the stay.
We are aware of the rule which requires a parent who wants to remove a child from the court's jurisdiction to show (1) that there is good reason for the move and (2) that the move is in the child's best interest. Stewart v. Stewart, 525 So.2d 218 (La.App. 1st Cir.1988); Broomfield v. Broomfield, 283 So.2d 839 (La.App. 2d Cir.1973).
However, the trial court's findings regarding the children's best interests are inconsistent. While this inconsistency is understandable considering the acrimony and hostility between the parties as reflected by the record, we note the very conscientious efforts of the trial court to bring some manner of harmony to this charade. Our task is to assure that the best interests of the children have indeed been served by this injunction. The court obviously determined it was in the children's best interests to remain in defendant's sole custody, since it failed to grant plaintiff a new trial relative to the custody arrangement.[1] Accordingly, it follows that the move to Texas would also be in the children's best interests because it would allow the children to remain with their sole custodian. However, the court ordered the return of the children to "St. Tammany Parish or the New Orleans metropolitan area" after finding that "such relocation to an area within easy driving distance of the father is in the best interest of the two minor children of the marriage" because "she has an obligation to these children to stay in the area."
We are generally in favor of the parent granted sole custody enjoying full custodial rights unless there is some reason to set limits. Griffin v. Griffin, 424 So.2d 1228, 1232 (La.App. 1st Cir.1982). A clear showing that the move to Texas would not be in the children's best interests would be a legitimate reason to set a limit on defendant's custodial rights. Our review of the record, however, indicates that the court based its determination on the effect defendant's move to Texas would have on plaintiff's convenient exercise of his court-ordered right to visitation, rather than upon a finding that the move to Texas was not in the children's best interest.[2] Moreover, the record is devoid of any evidence tending to support the trial judge's finding that "relocation to an area within easy driving distance of the father is in the best interest of the two minor children of the marriage."
A review of the testimony given by the two psychologists at the May 11, 1992, *730 hearing reveals neither expressed an opinion to that effect. In fact, when questioned as to the best interests of the children, Dr. Alan James Klein, the court-appointed expert, declined to render any opinion, stating "I feel I'm being asked now to comment on, you know, what would be best or not best for the children.... So muchso much has happened in the interim that I'm not aware of I feel it would be best not to render any other opinions unless it was hypothetical." Similarly, when Dr. John Pleune, the children's therapist, was questioned as to the children's best interests, he testified that "[c]ertainly, I see both positive and negative effects to their move. I cannot say, yes, this is in their best interest or, no, it is not. I think there's two sides to it." However, both psychologists testified the move would result in the children being less exposed to open conflict between the parties. Furthermore, Dr. Pleune testified there would be more of a possibility for a resolution of the problems between plaintiff and his son if the child was in Austin.
While we understand the removal of the children to Texas would impair plaintiff's right to visitation with the children, we do not find such impairment to be a valid reason to limit defendant's custodial rights to "St. Tammany Parish or the New Orleans metropolitan area." This factor, without more, must be subordinated to the rights of the custodial parent to be reasonably unrestricted in selecting a place of residence for economic and justifiable personal reasons. Broomfield, 283 So.2d at 841. Moreover, in our highly mobile society, it is usually unrealistic to demand that a parent granted custody of the children be confined in a certain geographical area during their minority. Pattison v. Pattison, 208 So.2d 395, 396 (La.App. 4th Cir.), writ refused, 252 La. 168, 210 So.2d 52 (1968).
Under the above facts and circumstances, the trial court erred in issuing a mandatory injunction requiring relocation of the children to Louisiana when it had previously signed a judgment giving sole custody to defendant. The injunction is reversed with costs of the appeal taxed to plaintiff.
REVERSED.
NOTES
[1] Throughout the discussion relative to the motion for new trial are comments about the son's estrangement from plaintiff and his absolute refusal to see or have anything to do with his adopted father.
[2] The trial court stated in its oral reasons for judgment that "the problem with her moving to Austin now is that no one asked her to marry Dr. Hertzak and no one asked her to have children by Dr. Hertzak and no one asked her to divorce. Not casting any fault about divorce, but they are divorced now. She has got an obligation to these children to stay in the area which would allow Dr. Hertzak to visit with these two children age ten and one age five."