COOKS, Judge.
This case involves an interpretation of Louisiana C.C. article 133 stemming from allegations of sexual abuse by a father against his minor daughter.
FACTS
The parents are divorced. They previously shared the joint custody of their two minor children. In August of 1991, the Department of Social Services informed the mother they were investigating an anonymous report that her daughter was being sexually abused during visitations with the *709 father. The Department advised the mother not to place the child “at risk.” After completing their investigation, the Department of Social Services validated the complaint of abuse against the father. The Department advised the mother to seek a change in the father’s visitation with the children. The mother filed a modification petition requesting a change in the previous joint custody judgment to sole custody. The mother further sought to prohibit the father from exercising visitation with both children.
ACTION OF THE TRIAL COURT
After a hearing on the modification requests, the trial judge granted the mother sole custody and suspended the father’s visitation with both his son and daughter. This appeal follows.
STANDARD OF PROOF
Appellant alleges the trial court erred in finding the sexual abuse charges were established by clear and convincing evidence. Appellant correctly points out that termination of parental rights must be proven by clear and convincing evidence. Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). This constitutional standard has been codified in Louisiana Children’s' Code article 1035. Procedures for the termination of parental rights are provided for in Title X of the Louisiana Children’s Code.
However, this case does not involve the termination of parental rights. The termination of parental rights is a final judgment relieving the child and the parent against whom the judgment is rendered of all of their legal duties and divesting them of all of their legal rights with regard to one another except for the child’s rights of inheritance. Louisiana Children’s Code article 1038.
This case involves the suspension of a parent’s right to visitation. La.C.C. article 133 provides for the suspension of visitation upon findings of abuse. It provides in pertinent part, as follows:
A. Whenever the court finds by a preponderance of the evidence that a parent has subjected his or her child to cruel physical abuse, or sexual abuse or exploitation, the court shall prohibit visitation between the abusive parent and the abused child until such parent proves that visitation would not cause physical, emotional, or psychological damage to the child. Should visitation be allowed, the court shall order such restrictions, conditions, and safeguards necessary to minimize any risk of harm to the child. All costs incurred in compliance with the provisions of this Article shall be borne by the abusive parent.
* * * * ⅜< *
As the case stands, it is unnecessary for this Court to determine if the trial judge manifestly erred in concluding the heavier burden of proof had been met. The standard of proof required to suspend an abusive parent’s visitation rights is a preponderance of the evidence. After a thorough review of the record, we find it does support a finding that the charges of sexual abuse were proven by a preponderance of the evidence.
MANDATORY NATURE OF LA.C.C. ARTICLE 133
Appellant further asserts the trial court was overly restrictive in its interpretation of La.C.C. article 133. He contends the court erred in refusing to grant even supervised visitation with the daughter.
When a law is clear and unambiguous it shall be applied as written. Louisiana Civil Code article 9. Louisiana Civil Code article 133 clearly and unambiguously states upon the court’s finding that a parent has sexually abused their child the court shall prohibit visitation between the abusive parent and the abused child until such parent proves that visitation would not cause physical, emotional or psychological damage to the child. The suspension of visitation is mandatory.
However, the suspension is not permanent. The abusive parent may seek modification of this restriction. Upon seeking modification, the abusive parent bears *710 the burden of proving the visitation would not cause damage to the child. Supervised visitation, though legally permissible, may be ordered only after the abusive parent has met this burden of proof. Further, Louisiana Civil Code article 133 requires imposition of additional restrictions, conditions and safeguards as are necessary to minimize any risk of harm to the child if visitation is ordered. Nonetheless, the order resuming visitation must be predicated on the abusive parent proving that visitation will not psychologically damage the child. The father in this case made no such showing. We agree with the trial court’s interpretation that La.C.C. art. 133 mandates the suspension of visitation between the father and his daughter.
VISITATION WITH THE MINOR SON
Next, Appellant urges the trial court erred in “terminating” the visitation with the son even though the court acknowledged there was no proof of abuse against this child.
La.C.C. article 133 allows for the suspension of visitation between an abusive parent and the abused child. This code article does not address the issue of visitation with the abusive parent’s other minor children. However, codal authority does exist for the suspension of visitation between the father and his minor son. La. C.C. article 132 in pertinent part, provides:
A. A parent not granted custody or joint custody of a child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would not be in the best interest of the child.
* * * * * *
The mother has been awarded sole custody of the two (2) minor children. In the written reasons, the trial judge specifically found the father’s visitation with the son would not be in the child’s best interests.
As this court mentioned in Reed v. Hargroder, 525 So.2d 661 (La.App.3rd Cir.1988) at page 663:
A parent possesses certain natural rights with respect to his child whose custody is given to the other parent, one of which is the right to visit the child. Roshto v. Roshto, 214 La. 922, 39 So.2d 344 (La.1949). The right of visitation is not without its limitations. The rights of any parent are always subservient to the best interest of the child. Maxwell v. LeBlanc, 434 So.2d 375 (La.1983).
******
We note any further attempts at modification of this judgment will be subject to the requirements of the new Louisiana Post-Separation Family Violence Relief Act, Act. No. 1091 of the 1992 Legislative Session, La.R.S. 9:361 to 9:369. This Act suspends visitation between a sexually abusive parent and “the children” of the family-
A trial judge’s discretion in custody and visitation matters are entitled to great weight and should not be disturbed on appeal unless a clear abuse of discretion is shown. We find no such abuse of discretion in this case.
EXPERT WITNESS TESTIMONY
Appellee called as a witness Ms. Barbara Thorne-Thomsen, a counselor who had evaluated the minor daughter. Ms. Thorne-Thomsen testified supervised visitation of the daughter with her father was advisable despite her professional finding of sexual abuse. Although appellant attempts to discredit this witness’ professional credibility in all other respects, he relies solely upon her testimony in asserting supervised visitation is in the best interests of the child.
Faced with this argument and the growing use of psychological and psychiatric testimony in child custody and visitation cases, we find it necessary to again clarify the role of such expert witnesses. Expert witnesses are intended to “assist the trier of fact” in understanding the evidence or in the determination of a fact in issue. Louisiana Code of Evidence article 702. Undeniably in certain cases, expert assistance may prove invaluable in the court’s determination, particularly regarding issues *711 touching on the psychological and emotional welfare of the children.
However, the ultimate “best interest of the child” decision squarely remains in the exclusive province of the court. This decision necessarily focuses on all of the evidence and testimony presented. The trial court is not bound to follow the recommendations of an expert witness.
Moreover, the court is restrained from following an expert’s recommendation when to do so would be contrary to law. The decision to grant or prohibit visitation by the father with his daughter, in this case, rested on a conclusion of law rather than fact. As a matter of law, the trial judge correctly refused to adopt the expert’s recommendation.
Appellant also contends the trial court erred in refusing to order the mother and the children to participate in an evaluation by a court appointed expert, Dr. Charles Cox. The trial judge ordered only the father’s evaluation by the court-appointed psychologist. As stated, court-appointed experts are intended to assist trial judges in their decision. The trial judge in this case determined the extent to which he required expert assistance and this court does not find he was clearly wrong in this determination. The record reflects the trial judge had adequate testimony and evidence upon which to base his decision.
Appellant contends the trial court incorrectly believed it was “incumbent upon the trial court to accept the testimony of (the mother’s) ‘expert’ due to the lack of any adverse expert testimony.” We find no merit in this specification of error. The trial court relied not only the mother’s expert witness, he relied on the court-appointed expert and the Department of Social Services Child Protection workers as well. Additionally, our reading of the trial judge’s written reasons does not lead us to the same conclusion reached by appellant. The trial court merely stated the testimony of the witnesses presented by the mother “had not been controverted.” Our review of the record indicates these witnesses were, in fact, uncontroverted.
TRIAL JUDGE’S REASONS FOR RULING
Finally, appellant assigns the following specification of error:
“The Trial Court erred in failing to give reasons for its conclusions of fact and law. Such failure to discuss the evidence leads both the parties and this Honorable Appellate Court to only surmise and speculate as to the Trial Court’s evaluation of the witnesses.”
The assignment is totally without merit. The trial court issued written reasons for judgment. Although the document was untitled, the trial judge stated in its text that only his “conclusions of fact and law” would be specified. The court was particularly concerned about maintaining the confidentiality of the findings of the Department of Social Services and the evaluation by the court-appointed psychologist.
The confidentiality of child abuse records is mandated by both La.R.S. 46:56 and federal regulation 45 CFR 1340.14. The constitutionality of such statutes has been upheld. Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). Pursuant to the requirement of Pennsylvania v. Ritchie, supra, and LA R.S. 46:56 the trial court conducted an in camera review of the Department of Social Services records. The judge determined' the contents of the Department’s records were discoverable and made them available to counsel for both parties. In compliance with LA R.S. 46:56, the trial judge also allowed the Department of Social Services employees to testify outside of the presence of the parties. Counsel for both parties were present during this testimony.
Appellant did not file a motion to request written reasons for judgment. La.C.C.P. article 1917. The trial judge’s written reasons were sufficient to give him notice of the basis for judgment. We do not find error in the trial court’s refusal to reveal in the written reasons the contents of confidential records.
*712 CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court in its entirety and cast appellant with all costs of this appeal.
AFFIRMED.