653 So.2d 1211 (1995)
Delia P. PITTMAN
v.
Bryan D. PITTMAN.
No. 94-CA-952.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1995.
Rehearing Denied May 17, 1995.
*1212 Bennett Wolff, New Orleans, for plaintiff/appellant.
Joel Levy, Marrero, for defendant/appellee.
Before GRISBAUM, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
Plaintiff, Bryan Pittman, appeals a trial court judgment that denied his motion to enjoin his former wife, the defendant, Delia Pecoraro, from leaving Louisiana with their minor child. For the following reasons, we reverse and remand.
FACTS
The parties were married on November 6, 1987, and divorced on June 24, 1992. The marriage produced one child, Courtney, who was four and a half years old at the time of trial. Pursuant to a consent decree, the parties have joint custody of Courtney, with the mother, Ms. Pecoraro, being designated as the primary custodial parent.
On December 25, 1993, Ms. Pecoraro married her current husband, Donald Pecoraro. Shortly thereafter, in January of 1994, Ms. Pecoraro notified Mr. Pittman of her intention to move to New Jersey with Courtney because Mr. Pecoraro obtained employment in that state. Mr. Pittman thereafter filed a motion for preliminary injunction and rule to change custody, seeking to enjoin Ms. Pecoraro from removing Courtney from the jurisdiction of the trial court and requesting that he be named primary custodial parent.
The trial court appointed Dr. Lynn Parker, clinical psychologist, as an independent mental health expert to evaluate the parties. Dr. Parker concluded that Ms. Pecoraro should remain as Courtney's primary custodial parent, but that it was not in the child's best interest to move to New Jersey. On September 22, 1994, the trial court denied both Mr. Pittman's motion for a preliminary injunction and his rule to change custody. The trial court granted Mr. Pittman visitation rights incident to Courtney's move to New Jersey.
On appeal, Mr. Pittman does not challenge the trial court's custody determination. Accordingly, the only issue before us is whether the trial court was correct in denying Mr. Pittman's motion for a preliminary injunction, allowing Ms. Pecoraro to move Courtney to New Jersey.

ANALYSIS
Louisiana jurisprudence provides that a parent who has joint custody of a child, and who wants to remove the child from the court's jurisdiction, must show: (1) that there is good reason for the move, and (2) that the move is in the child's best interest. Hertzak v. Hertzak, 616 So.2d 727, 729 (La.App. 1 Cir.1993), writ denied, 623 So.2d 1335 (La. 1993); Barto v. Barto, 618 So.2d 613 (La. App. 2 Cir.1993); Stewart v. Stewart, 525 So.2d 218 (La.App. 1 Cir.1988).
Regarding the first Hertzak factor, the reason for Ms. Pecoraro's proposed move to New Jersey is that her husband has secured employment there. The record reveals that Mr. Pecoraro is a registered nurse who has had several drug related problems in the past. Since 1982, Mr. Pecoraro has had his nursing license suspended three times by the Louisiana State Board of Nursing due to his charting discrepancies of the narcotic drug Demerol, and his license was under suspension when he secured the job in New Jersey. In reaching its judgment, the *1213 trial court acknowledged Mr. Pecoraro's substance abuse problem, but nonetheless determined that obtaining employment in another state is a good cause for relocation.
Mr. Pittman asserts that the circumstances present in this case, (i.e., Mr. Pecoraro's license being suspended by the state nursing board) render his obtaining employment in another state invalid as a good cause for the relocation. Thus, Mr. Pittman argues that the trial court erred in finding that Ms. Pecoraro satisfied the first part of the Hertzak test.
We agree with the trial court that Mr. Pecoraro's obtaining employment in New Jersey satisfies the good cause requirement. Although we are concerned about Mr. Pecoraro's reported substance abuse problem, we do not necessarily feel that this problem is an appropriate consideration in determining whether a good reason has been shown for the proposed move. Instead, when employment is being offered as good cause for relocation, the pertinent question is whether said employment has indeed been obtained by the removing parent or their spouse. We find that in the instant case, Mr. Pecoraro's new employment, together with Mr. and Ms. Pecoraro's desire to start anew, meets the good cause requirement.
Our reasoning is based on the fact that in today's society, jobs are often difficult to find. It would be unrealistic for us to hold that securing a job in another state does not establish good cause for relocation. If we determined that Mr. Pecoraro's obtaining employment in New Jersey did not provide a good reason for relocation, the result would be that Mr. Pecoraro would not be able to practice his profession in Louisiana, and would also not have a legally sufficient reason to move his family out of state. Moreover, we are not entirely comfortable with restricting a person's desire to pursue his or her career in another state. Based on the foregoing, we conclude that the trial court did not err in finding there to be a good reason for Ms. Pecoraro's proposed relocation.
However, the second Hertzak factor, whether the move is in Courtney's best interest, is more problematic. In its reasons for judgment, the trial court concluded that the move was in the child's best interest because it is in her best interest to remain with her mother. On appeal, Mr. Pittman argues that the trial court committed manifest error by ignoring Dr. Parker's conclusion that the proposed relocation is not in Courtney's best interest.
In Hertzak, the trial court issued an injunction requiring a mother to return her two minor children to Louisiana from Texas. Hertzak, supra at 728. In its analysis, the First Circuit stated that "[a] clear showing that the move to Texas would not be in the children's best interests would be a legitimate reason to set a limit on defendant's custodial rights." Id. at 729. However, the court concluded that such a showing had not been made and therefore reversed the injunction. Id. at 730.
Here, the record reveals that a clear showing was made to the trial court that the proposed relocation is not in Courtney's best interest. Dr. Lynn Parker, the clinical psychologist appointed by the trial court to evaluate the parties, and accepted by the trial court as an expert in the field of clinical psychology, specializing in children, testified at the trial on the preliminary injunction that Courtney has a strong emotional attachment to her father. Dr. Parker testified that Courtney is at a critical age for maintaining the father-daughter relationship, and had a "grave concern" that if Courtney is moved to New Jersey "the father-daughter relationship, even given everybody's best intention, cannot be maintained." Dr. Parker also testified that Courtney has a close relationship with her maternal and paternal relatives, all of whom live in the New Orleans area. If Courtney is moved to New Jersey, she will not have frequent contact with any of her other relatives. Consequently, her current close relationship with them would suffer. None of the above mentioned results of the proposed relocation can be said to be in Courtney's best interest.
*1214 Additionally, the Hertzak court stated that the lower court had based the issuance of the injunction on the effect that the mother's move to Texas would have had on the father's exercise of his visitation rights. Id. at 729. Thus, the court reasoned that the trial court had incorrectly focused on the interests of the father rather than the children. Id.
Similarly, in the instant case, the trial court has primarily focused on the interests of the mother, Ms. Pecoraro, as opposed to Courtney. For instance, the trial court stated that Ms. Pecoraro should be allowed to move to New Jersey with her husband and start a new life. The problem with this rationale is that, as in Hertzak, the lower court focused on the best interests of the wrong person. In short, the critical concern here is what is in the best interest of Courtney, not her mother.
Further, in discussing what is in Courtney's best interest, we feel that Mr. Pecoraro's substance abuse is an appropriate consideration. This court has recently addressed a similar factual situation in the context of the custody dispute. In Ponze v. Ponze, 614 So.2d 720, 721 (La.App. 5 Cir. 1993), writ denied, 617 So.2d 941 (La.1993), a mother appealed a lower court judgment that awarded custody of her daughter to the child's father. The mother, who was the primary custodial parent in a joint custody arrangement, sought to relocate to Cincinnati, Ohio, because her husband had obtained employment there. Id. The father responded by seeking an order giving him custody of his daughter, which the trial court granted. Id. at 721-22.
We affirmed the trial court, finding that it was in the child's best interest to live with her father. Id. at 723. We based our decision on several factors which are also present in this case, such as the child's attachment to her father and the fact that all of the child's relatives live in the New Orleans area. Additionally, though, we noted that the mother's new husband had an alcohol abuse problem. Id. at 722. We agreed with expert testimony presented to the lower court that this problem could create an unstable environment for the child. Id.
Similarly, in this case, Mr. Pecoraro's substance abuse problem has the potential to disrupt and harm Courtney's life. Mr. Pittman will not be in frequent contact with his daughter if she is moved to New Jersey with her mother. Thus, Mr. Pittman would be hindered in determining whether a recurring substance abuse problem was causing problems for his child.
In its Reasons for Judgment, the trial court stated that it was uncomfortable forcing Ms. Pecoraro to remain in Louisiana. We are also not entirely at ease in enjoining Ms. Pecoraro from moving to New Jersey with Courtney. However, our discomfort is assuaged by the wealth of evidence in the record that it is in Courtney's best interest to remain in Louisiana and, in the end, it is the child's best interest that must control this case.
Accordingly, the judgment appealed from is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.