711 So.2d 793 (1998)
Tracy Lorraine Walker DAY
v.
Charles Ray DAY.
No. 97 CA 1994.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
*794 William H. Cooper, Jr., Baton Rouge, for Plaintiff-Appellant.
Michael S. Walsh, Baton Rouge, for Defendant-Appellee.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
FOGG, Judge.
In this action to modify a joint custody order, the mother sought sole custody of her two minor children in order to move with the children to another state. The trial court awarded joint custody to both parents, designated the father as the domiciliary parent, and ordered that the children remain in Louisiana. The mother appeals.
Charles Ray Day (hereinafter Mr. Day) and Tracy Walker Day Caroline (hereinafter Mrs. Caroline) were married on March 21, 1987. During the marriage, two daughters, Diana and Chynna, were born on October 11, 1987, and January 21, 1991, respectively. The parties subsequently separated and were divorced by judgment rendered on April 5, 1995. In the stipulated judgment, the parties agreed to share joint custody of their children and reserved their rights to seek a change of custody without showing a change *795 in circumstances; neither party was named the domiciliary parent. Although the terms of joint custody were not specified in the judgment, the parties established an arrangement in which they maintained physical custody of the children on an alternating six month basis, with Mr. Day having physical custody from January through June and Mrs. Caroline having physical custody from July through December. Pursuant to this arrangement, the non-custodial parent exercised visitation with the children every other weekend, and no child support was exchanged.
On June 19, 1996, Mrs. Caroline filed a petition seeking sole custody to allow the children to move with her to the state of Oregon following her impending marriage to Patrick Caroline, a resident of that state, in August of 1996. Alternatively, Mrs. Caroline requested that joint custody be maintained and that she be named the domiciliary parent so the children could reside with her in Oregon during the school year. The trial court subsequently appointed an independent mental health expert to perform an evaluation of the parties and the children for the purposes of a custody and visitation determination.
After conducting an evidentiary hearing on April 9 and 30, 1997, the trial court held it would not be in the best interest of the children to be removed from their home in the Baton Rouge area. Accordingly, the trial court rendered a judgment denying Mrs. Caroline's petition for change of custody, awarding joint custody of the children to both parents, and designating Mr. Day as the domiciliary parent. The judgment also granted Mrs. Caroline liberal and extended visitation with Diana and Chynna, but ordered that the children remain in the jurisdiction of the court. From this judgment, Mrs. Caroline now appeals, urging the trial court erred by failing to award her sole custody or domiciliary status.
The original joint custody plan was by stipulation judgment, and not a considered decree, thus the "heavy burden" rule set forth in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), does not apply. However, to prevail on her rule to change custody, Mrs. Caroline was required to prove that a change in circumstances had occurred which materially affected the children's welfare and that the modification proposed was in their best interest. See Connelly v. Connelly, 94-0527 (La.App. 1 Cir. 10/7/94); 644 So.2d 789. Moreover, as a parent who seeks to remove her children from the court's jurisdiction, Louisiana jurisprudence requires Mrs. Caroline to show: (1) that there is a good reason for the move and (2) that the move is in the children's best interest. See Hertzak v. Hertzak, 616 So.2d 727 (La.App. 1 Cir.), writ denied, 623 So.2d 1335 (La.1993). It is undisputed that Mrs. Caroline's interstate move constitutes a change in circumstances, and it is also clear that there is a good reason for the move. The dispute, therefore, centers around whether the move is in Diana's and Chynna's best interest.
The record shows that Diana and Chynna have lived in Baton Rouge since birth; that they have lived with each parent on an alternating six month basis; that the children have not spent more time with one parent than the other; that the girls have friends and extended maternal and paternal relatives in Baton Rouge and the surrounding area; that they have attended school and church in the Baton Rouge community; that Mrs. Caroline moved to Oregon to be with her new husband, Mr. Caroline, whom she married on August 3, 1996; that Mr. Caroline is employed as a professor and assistant professor at two Oregon universities; that Mr. and Mrs. Caroline live in a four bedroom home in Lake Oswego, Oregon, with public schools located nearby; that Mr. Caroline has domiciliary custody of his two children from a previous marriage, who were ages eight and six at the time of the hearing; that Mr. Caroline earns sufficient income for the family, thus alleviating Mrs. Caroline's need to work outside the home; that Mrs. Caroline is from Baton Rouge and Mr. Caroline is from Minnesota; that neither of them have extended family residing in Oregon; that Mr. Day has no intentions of leaving Louisiana; that Mr. Day is employed as a City of Zachary police officer, a position which requires him to work some nights and weekends; that Mr. Day planned to marry his fiancée, Lisa Holland, in June of 1997, two months after *796 the hearing; that Ms. Holland has domiciliary custody of her daughter; that Ms. Holland is employed full time as an administrative assistant with Entergy Corporation; that Mr. Day intended to move from the former family home to a three bedroom home in Zachary, Louisiana, located approximately ten miles from Baton Rouge, following his remarriage; and that, in the event Mr. Day was awarded domiciliary custody, Diana and Chynna would both be enrolled at Zachary Elementary and the girls would stay with a babysitter after school until Mr. Day or Ms. Holland arrived home from work.
Dr. Alan Taylor, a clinical psychologist appointed by the court to evaluate the parties and the children, recommended to the court that the children move to Oregon with their mother. In performance of his evaluation, Dr. Taylor interviewed Mr. and Mrs. Caroline, Mr. Day, and the maternal and paternal grandmothers, and he met with the children six or seven times. He testified that each parent fosters a close and loving relationship with the children and encourages such a relationship between the children and the other parent; that the children expressed fear and anxiety at the prospect of being separated at such a great distance from one parent; that the situation was further complicated since each child expressed preferences for a different parent; that Diana preferred to live with her father and that Chynna preferred to live with her mother; that the children should not be separated; and that the children would be required to move from the family home regardless which parent was awarded domiciliary status. When asked whether the proposed moves to Zachary and Oregon presented "somewhat similar stresses" for the children, Dr. Taylor replied, "No, I would say that the nature of the change that [Mrs. Caroline] is looking at is a lot more drastic in terms of a significant affect (sic) on the children."
On cross-examination, Dr. Taylor testified the joint custody plan worked "about as well as you can expect one to work." He also indicated the relationship between Mrs. Caroline and Diana had become strained following the separation and divorce. In the following exchange, Dr. Taylor acknowledged that remaining in the Baton Rouge area would create the least disruption to the children's lives:
Q. But in terms of least disruption to the children, the decision would be to stay here?
A. Yeah, I think as just a flat blanket statement, yes.... [T]hat would probably be the safest choice or the thing that would bring less risk for them.
The paramount consideration in any determination of child custody is the best interest of the child. LSA-C.C. art. 131. In considering the factors set forth in LSA-C.C. art. 134, which are relevant in determining a child's best interest, we find the parties are similarly situated. An examination of the record shows that the parties are loving, nurturing parents; that the parties have equally shared the responsibilities of caring for and rearing their children; that the parties are financially capable of providing for the children's material needs; that the parties' proposed custodial homes are both suitable; that each party willingly facilitates and encourages a close and continuing relationship between the children and the other party;[1] that the parties are morally fit, and mentally and physically healthy; and that the parties are able to give the children love, affection and guidance.
In situations such as this, the stability of the children's environment and the desirability of maintaining continuity of that environment is an important factor in the determination of which parent should be awarded domiciliary custody. See LSA-C.C. art. 134(4). A change from a stable environment should not be made absent a compelling reason. Smith v. Smith, 615 So.2d 926 (La. App. 1 Cir.), writ denied, 617 So.2d 916 (La.1993). The trial court considered the lay and expert testimony and determined it was in the best interest of the children to remain with their father in the stable environment *797 which was being provided in the Baton Rouge area. Reasons for judgment were as follows:
The court finds that both of the parties are from the local area, they have extended family on both sides, all of the grandparents, aunts and uncles, extended family, the cousins and friends all live in the local area. [The children] have gone to school and church in this area since birth and both of the children enjoy a good, loving and close relationship with the grandparents and the rest of the extended family members on both sides.
On the other hand, [Mrs. Caroline] and her new husband ... [have] no relatives on either side in the State of Oregon, where they will have to establish and find new friends, new schools, new churches.
Mrs. Caroline suggests the trial court's decision is erroneous because it fails to adopt the recommendation of Dr. Taylor that the children should move to Oregon with her. However, as discussed in W.M.E. v. E.J.E., 619 So.2d 707, 711 (La.App. 3 Cir. 1993), "[T]he ultimate `best interest of the child' decision squarely remains in the exclusive province of the court. This decision necessarily focuses on all of the evidence and testimony presented. The trial court is not bound to follow the recommendations of an expert witness." (Emphasis added.) Moreover, as discussed above, portions of Dr. Taylor's testimony were inconsistent with his recommendation that the children should move to Oregon with their mother and actually supported the trial court's decision that Diana and Chynna should remain in Louisiana with their father.
In this matter, the trial court was faced with a difficult decision. The record clearly establishes that Mr. Day and Mrs. Caroline are exemplary parents who have not allowed their marital differences to interfere with the well-being of their children. It is also clear that the parties are excellent providers and care givers for their children. This situation is also somewhat unique in that both parents planned to relocate away from the former matrimonial domicile. However, the evidence showed the move to Zachary, only a short distance from extended relatives and friends in the Baton Rouge community, would create less risk for these children.
The trial court concluded, "[T]he overwhelming evidence in this case indicate[s] that it is in the best interest of the children to remain in the Baton Rouge area in their environment with extended family and friends and church." The trial court's discretion in custody cases is entitled to great weight, and should not be disturbed unless it amounts to a clear abuse of discretion. Connelly v. Connelly, 94-0527, p. 5; 644 So.2d at 793. After carefully examining the evidence in this case, we cannot say the trial court abused its discretion in awarding domiciliary custody of the children to Mr. Day.
Our review of the record in this case indicates the record is devoid of a specific visitation plan establishing the terms of Mrs. Caroline's visitation with her children. If a specific plan for visitation has not already been implemented, one should be established by the trial court. For this reason, we remand this matter to the trial court for implementation of a visitation plan if one has not already been established.
For the foregoing reasons, the judgment of the trial court is affirmed, and the case is remanded to the trial court for implementation of a visitation plan if one has not already been established. Costs of this appeal are taxed to appellant, Tracy Walker Day Caroline.
AFFIRMED AND REMANDED.
SHORTESS, Judge, concurring.
The visitation order was not an issue in this appeal and I see no reason to remand the case.
NOTES
[1] Mrs. Caroline and two of her family members testified Mr. Day had interfered with contacts between them and the children; however, Mr. Day denied this. Having thoroughly reviewed the testimony on this issue, we find these allegations are not supported by the record.